**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| WENGER S.A. | **COMPLAINT** |
| Plaintiff, | File No. |
| -against- | Demand for Jury Trial |
| GALAXY BRANDS LLC and OLIVET INTERNATIONAL, INC., |  |
| Defendant(s). |  |

### COMPLAINT

Plaintiff Wenger S.A. (hereinafter "Plaintiff" or "Wenger"), a Switzerland société anonyme with headquarters at Route de Bâle 63, Delémont, Switzerland, CH-2800, brings this Complaint against Galaxy Brands LLC ("GALAXY") and Olivet International, Inc. ("OLIVET") (collectively "Defendants").

### PARTIES

1. Plaintiff Wenger S.A. ("WENGER") is a Switzerland société anonyme, with its principal place of business at Route de Bâle 63, Delémont, Switzerland, CH-2800.

2. On information and belief, defendant GALAXY is a New York limited liability company with headquarters at 1407 Broadway, 38th Floor, New York, New York 10018.

3. Upon information and belief, defendant OLIVET is a New York corporation of 11015 Hopkins Street,

1

Mira Loma, California 91752 with a listed headquarters location for its New York office at 85 Fifth Avenue, New York, New York 10003.

## JURISDICTION AND VENUE

4.   This is an action for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, false advertising, false designation of origin, and cancellation of a registered trademark under the trademark laws of the United States (the "Lanham Act"), and copyright infringement under the United States Copyright Act of 1976 (the "Copyright Act").

5.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to 15 U.S.C. §§1114, 1116, 1117, 1119, 1120, 1121(a), and 1125 of the Lanham Act, and 17 U.S.C. §101 *et seq.* and §501 *et seq.* of the Copyright Act. This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

6.   Defendants are subject to the personal jurisdiction of this Court because the Defendants reside in this District and are conducting infringing acts of advertising, displaying, and offering their products for sale in the State of New York, within this District, giving rise to these causes of action.

7.   Venue of this action is proper in this District under 28 U.S.C. 1391(b) by the substantial acts of GALAXY and OLIVET emanating from their New York City corporate offices to further their illegal attacks against WENGER and the injuries caused thereby.

## STATEMENT OF FACTS

### A.    Plaintiff Wenger and its Intellectual Property Rights

8.    Wenger has been a premier global provider of many goods including, but not limited to, knives, watches and other products.  Founded in 1893, Wenger has a global reputation as the maker of SWISS ARMY brand knives and other high-quality products. More recently, Wenger, either directly or through its authorized licensees, has marketed and sold high-quality goods, including watches, footwear, travel gear, backpacks, luggage and computer cases in the United States.

9.    At least as early as 1971, Plaintiff adopted the distinctive logo of a cross on a curvilinear square with rounded corners, outlined by another curvilinear square with rounded corners (hereinafter, the "Wenger Emblem"), shown below:



10.    The Wenger Emblem is registered in the United States Patent and Trademark  Office under U.S. Trademark  Reg.  Nos.  4,024,369;  4,109,108;  3,820,133;  4,301,579;  3,291,272; 3,291,271;  3,291,266;  3,405,840;  5,955,962;  5,847,910 (collectively,  the  "Wenger Emblem  Registrations"),  covering  a variety of goods across  a number of International Classes, including Classes 8, 9,  11, 14, 16, 18, 20, 22, 25, and 28. Copies of the registration certificates for certain Wenger Emblem Registrations are appended to this Complaint as **Exhibit A**.

11.    Plaintiff or its authorized licensees have been continuously using Wenger Emblem in the

U.S. in connection with goods in International Classes 8 and 14 since at least as early as 1971 for knives and 1989 for watches; in connection with goods in International Classes 9, 11, 16, 18, 20 and 22; in connection with goods in International Class 25 since at least as early as 2003. A table listing some of the registrations for the Wenger Emblem is below:

| **MARK** | **REG. NO.** | **GOODS** |
|---|---|---|
|  | 3,820,133 | *Cutlery, in particular pocket knives, multi-purpose pocket knives, multi-purpose knives, folding knives, and other products*, in Class 8; *Camera cases; computer carrying cases, mobile phone and cell phone cases and other products*, in Class 9; *Appliances, namely, battery-operated lights for camping; flashlight pointers*, in Class 11; *Watches of Swiss origin*, in Class 14; *Leather passport holders and other products*, in Class 16; *All-purpose carrying dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products* , in Class 20; and *Tents, and other products*, in Class 22. |
|  | 4,301,579 | *Clothing for men, women and children, namely, rainwear, belts, socks, hosiery; footwear, and other products*, in Class 25. |
|  | 4,024,369 | *Cutlery, in particular pocket knives, multi-purpose pocket knives, multi-purpose knives, folding knives, and other products*, in Class 8; *Camera cases; computer carrying cases, mobile phone and cell phone cases and other products*, in Class 9; *Appliances, namely, battery-operated lights for camping; flashlight pointers*, in Class 11; *Watches of Swiss origin*, in Class 14; *Leather passport holders and other products*, in Class 16; *All-purpose carrying dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products* , in Class 20; and *Tents, and other products*, in Class 22. |

| | 4,109,108 | *Footwear*, in Class 25. |
|---|---|---|
| | 3,291,271 | *Camera cases*, in Class 9; *Binders, card files, binders and file pockets, folios*, in Class 16; and *waistpacks, shopping bags, bags worn on the body, business cases, shoe bags for travel, travel bags, travel pouches, all-purpose personal care bags, and other products*, in Class 18. |
| | 3,405,840 | *Computer carrying cases, specialty holsters for carrying personal digital assistants*, in Class 9; *Leather passport holders*, in Class 16; *All-purpose dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products*, in Class 20; and *tents, and other products*, in Class 22 |
| | 5,955,962 | *Luggage; trunks; duffel bags; utility bags, namely, carry-all bags; shoulder bags; casual carry-all bags, and casual tote bags; bags worn on the body, namely, fanny packs; briefcases; pocket wallets; beach bags; all-purpose carrying bags for use by campers; textile shopping bags; handbags; travelling bags; school satchels; backpacks; rucksacks; umbrellas; parasols; and walking sticks*, in Class 18 |
| | 5,847,910 | *Smart phone; earphones; Blank USB flash disk; sim card adapters; micro SD-TF Card; Micro USB cables; wireless audio speaker; mini portable power charger and source; headsets for wireless communication devices for voice transmission; health bracelet, namely, electronic health data recorder on the wrist; admission bag for smart phone and smart devices, namely, phone case*,  in Class 9. |

12. At least as early as 2003, Wenger adopted the mark SWISSGEAR for use with travel gear, business gear, outdoor gear, and recreational and other products in the U.S. Classes 9, 11, 16, 18, 20, 22, 25, and 28.

13. Copies of the registration certificates for certain of the SWISSGEAR Registrations are

appended to this Complaint as **Exhibit B**.

14. Plaintiff or its authorized licensees have been continuously using SWISSGEAR in the U.S. in connection with goods in International Class 9 since at least as early as 2004; in connection with goods in International Class 16 since at least as early as 2006; in connection with goods in International Class 18 since at least as early as 2003; in connection with goods in International Class 20 since at least as early as 2003; in connection with goods in International Class 22 since at least as early as 2003; in connection with goods in International Class 25 since at least as early as 2011; and in connection with goods in International Class 28 since at least as early as 2003.   A table showing some of the SWISSGEAR registrations (including some with the Wenger Emblem) is below:

| **Mark** | **Reg. No.** | **Goods** |
|---|---|---|
| **SWISSGEAR** | 3,769,824 | *Computer carrying cases, camera cases, and other products, in Class 9; leather passport holders, in Class 16; All-purpose dry bags, luggage, backpacks, daypacks, and other products, in Class 18; Sleeping and nap mats, sleeping bags, and other products, in Class 20; Tents, and other products, in Class 22.* |
| **SWISSGEAR** | 4,230,244 | *Clothing, namely, footwear, shoes, boots, hats, socks, hosiery, headwear, in Class 25.* |
| **SWISS⊕GEAR** | 3,291,272 | *Computer carrying cases, camera cases, and other products, in Class 9; Appliances, namely, battery operated lights for camping, in Class 11; leather passport holders, in Class 16; All-purpose dry bags, luggage, backpacks, daypacks, and other products, in Class 18; Sleeping and nap mats, sleeping bags, and other products, in Class 20; Tents, and other products, in Class 22; Clothing, namely, security money belts, in Class 25; and Air mattresses for recreational and home use, and other products, in Class 28.* |

15. Plaintiff is owner of copyright rights associated with an original work of authorship encompassing the Wenger Emblem, seen below:

6



16. Plaintiff has expended considerable effort and expense in promoting its Wenger Emblem marks and its SWISSGEAR marks, in combination and alone, and goods sold thereunder, with the result that the purchasing public has come to know, rely upon, and recognize Wenger Emblem and SWISSGEAR, individually or in tandem, as indicators of a single source of origin and symbol of quality for the goods sold by Plaintiff and its authorized licensees under these trademarks (hereinafter, "Plaintiff's Goods").

17. For many years, Wenger has expended millions of dollars annually in advertising, promoting and marketing Wenger Emblem and SWISSGEAR throughout the United States and the world, through such varied media as the Internet and point-of-sale displays. Wenger operates websites at <wengerna.com> and <http://eu.wenger.ch/en>and www.swissgear.com. As a result of use of Wenger's products and the advertising seen by millions, Wenger has developed substantial and valuable goodwill in the SWISSGEAR, Wenger Emblem, and the Wenger Logo Design marks.

18. The nature of the advertising by Wenger and its authorized licensees, including its scope and geographical reach, has resulted in the Wenger Emblem and SWISSGEAR.

**B.  Defendants' Conduct**

> i.  GALAXY Seeks Trademark Registration for Highly Similar Mark to Wenger Emblem

19.  Wenger, through its authorized licensee, first began using the Wenger Emblem as a trademark no later than 2003.  On information and belief, that usage was known to Defendants before GALAXY applied for various trademark registrations of highly similar marks on or around 2015 (the "Galaxy Cross").  The United States Patent and Trademark Office has granted registration of the following logo, during prosecution of which, Defendants submitted specimens showing use of the logo in combination with SWISSTECH (appended to this Complaint as **Exhibit C**), demonstrating defendant GALAXY's bad faith:

| **Mark** | **Reg. No.** | **Goods** |
|---|---|---|
|  | 3,769,824 | *Backpacks; Carry-all bags; Drawstring bags; Duffel bags; Sports bags; Umbrellas; All-purpose athletic bags,* in Class 18; *Water bottles sold empty,* Class 21; *Tents,* Class 22. |

> ii.    Defendants' Use of the Wenger Emblem

20. Defendants  first  adopted  the  Galaxy Cross Logo combined with the SWISSTECH mark well after Wenger Emblem and Wenger's SWISSGEAR mark were first used, registered and became famous.

> ii. Defendants' Infringing Conduct and Other Misconduct

21. Defendants are infringing Wenger's rights by using Galaxy Cross, which is highly similar to

Wenger Emblem, combined with SWISSTECH, in connection with marketing and selling their products. Defendants combine various aspects of this infringing conduct, with the central goal always being to confuse customers into believing that Defendants' goods are somehow authorized by, or affiliated with, Wenger.

21. Upon information and belief, Defendants are marketing products bearing a combination of Galaxy Cross and SWISSTECH, thereby creating confusion in the marketplace as to the origin of Defendants' goods. Consumers are apt think that all of the goods emanate from the same source, or there is some sponsorship or affiliation with Wenger.

22. A comparison follows showing Wenger's goods on the left, and, upon information and belief, Defendants' goods on the right, presenting respective use of Wenger Emblem and Galaxy Cross in a similar position and sizing on respective backpacks:

 

23. A comparison follows showing of a detail of Wenger Emblem on the left, and, upon information and belief, Defendants' Galaxy Cross on the right, as each are used on goods, demonstrating the highly similar nature of the marks:

 

24. A comparison follows showing a detail of Wenger's goods on the left, presenting a combination of Wenger Emblem and SWISSGEAR as it has been used in the marketplace, and upon information and belief, Defendants' goods on the right, presenting a combination of Galaxy Cross and SWISSTECH, demonstrating bad faith of the Defendants:




25. A comparison follows showing Wenger's goods on the left, presenting a detail showing a rivet bearing Wenger Emblem, and, upon information and belief, Defendants' goods on the right, presenting a rivet bearing Galaxy Cross:




26. As noted above, WENGER has the global reputation as the maker of SWISS ARMY brand products.    Defendants' products, which include combining with Wenger Emblem, intentionally create a false and misleading connection to WENGER and is likely to cause

11

confusion with WENGER's protected marks in the eyes of consumers and lead to a belief that Defendants' products are affiliated, sponsored or authorized by WENGER, causing damage to WENGER and the public.

### iii. Defendants' Bad Faith

27. At a minimum, Defendants had constructive knowledge of Plaintiff's use of SWISSGEAR, and the Wenger Emblem, prior to their first use of their infringing Wenger Emblem and SWISSTECH company names and mark.

28. [Upon information and belief, Defendants had actual knowledge of Plaintiff's use of SWISSGEAR, and the Wenger Emblem, prior to their first use of their infringing Wenger Emblem and SWISSTECH company names and mark.]

29. Defendants nevertheless intentionally adopted Galaxy Cross with SWISSTECH, to take advantage of the tremendous reputation and goodwill of Wenger's famous marks and continue to do so knowing of the irreparable harm that they have caused and will continue to cause Wenger, its marks, and the public.

30. Defendants' use of Galaxy Cross with SWISSTECH, tarnishes and dilutes the distinctive quality of Wenger Emblem and SWISSGEAR.

### iv. Injury to Wenger and the Public

31. Defendants' misconduct, including their unauthorized use of SWISSTECH with Galaxy Cross, are likely to cause confusion and deception as to the source or origin of the Defendants' products and/or affiliation with Wenger, and are likely to falsely suggest a

connection or association between the Defendants, their products, and/or their commercial activities with Wenger, where no such connection or association exists.

32. Defendants' misconduct is likely to cause confusion, or to cause mistake, or to deceive persons wishing to purchase Plaintiff's Goods, causing injury to Wenger.

33. Through their conduct, Defendants intend to convince consumers and others that their products are the same as the authorized Wenger products. Defendants market the products to the same classes of consumers as Wenger and through the same trade channels.

34. Defendants' misconduct, including their unauthorized use of a highly similar mark to Wenger Emblem with SWISSTECH, has damaged and irreparably injured Wenger.

35. If permitted to continue, Defendants' misconduct will irreparably injure and damage Wenger and cause further dilution to Wenger's marks, its logos, its company name, and its domain names.

36. Defendants' misconduct has damaged and irreparably injured the public, and if permitted to continue, will continue to damage and irreparably injure the public who have an interest in being protected from confusion.

**37.** Defendants' actions described above have diluted and are likely to continue to dilute and tarnish the distinctiveness and value and reputation of the famous Wenger Emblem and SWISSGEAR marks.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Trademark Infringement under 15 U.S.C. § 1114(1) (against all Defendants)

38. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

39. Plaintiff owns and has several registrations for marks that incorporate SWISSGEAR on the Principal Register of the United States Patent and Trademark Office, as identified above.

40. By virtue of their registration with the United States Patent and Trademark Office, Plaintiff's marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et. seq.

41. Defendants' use of Galaxy Cross and their SWISSTECH mark is confusingly similar to Plaintiff's registered Wenger Emblem, alone or in combination with variations of its SWISSGEAR marks.

42. Defendants are not authorized by Plaintiff to use Plaintiff's Wenger Emblem or SWISSGEAR marks, or any confusingly similar variations thereof in any way.

43. Defendants' use of Galaxy Cross in combination with their SWISSTECH mark is likely to cause confusion among consumers.

44. Defendants' use of the term SWISSTECH with Galaxy Cross to sell their products constitutes infringement of Plaintiff's registered SWISSGEAR marks in violation of Section

32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45. Upon information and belief, the aforesaid acts, by which Defendants are profiting, were undertaken willfully and with the intention of causing customer confusion, mistake, or deception as to the source, sponsorship by or affiliation with Plaintiff.

46. By reason of Defendants' infringing conduct, Plaintiff is suffering irreparable harm and, unless Defendants are enjoined from continuing their infringing conduct, Plaintiff will continue to suffer irreparable harm from Defendants' conduct.

47. In addition to injunctive relief, Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorneys' fees in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## Trademark Infringement Under 15 U.S.C. § 1114(1) (against all Defendants)

48. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

49. Plaintiff owns and has registered several Wenger Emblem marks on the Principal Register of the United States Patent and Trademark Office, as identified above.

50. By virtue of their registrations with the United States Patent and Trademark Office, Plaintiff's marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et. seq.

51. Defendants are not authorized by Plaintiff to use Plaintiff's Wenger Emblem marks, or any

confusingly similar variations thereof in any way.

52. Upon information and belief, Defendants, with knowledge of the Wenger's trademark rights in the Wenger Emblem, has directed and/or caused Defendants to infringe Plaintiff's rights in the Wenger Emblem.

53. Upon information and belief, the aforesaid acts, by which Defendants are profiting, were undertaken willfully and with the intention of causing customer confusion, mistake, or deception as to the source, sponsorship by or affiliation with Plaintiff.

54. By reason of Defendants' infringing conduct, Plaintiff is suffering and will continue to suffer irreparable harm and, unless Defendants are enjoined from continuing their infringing conduct, Plaintiff will continue to suffer irreparable harm from Defendants' conduct.

55. In addition to injunctive relief, Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorneys' fees in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Under 15 U.S.C. § 1125(a) (against all Defendants)

56. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

57. In addition to the conduct described in the foregoing paragraph, Defendants' infringing conduct and false and misleading statements that suggest an association or connection between Plaintiffs and the Defendants where none exists, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Upon information and belief, the Defendants have acted with the intention of causing confusion, mistake, and deception, and of misappropriating the goodwill associated with Plaintiff's marks to profit thereby to the detriment of Plaintiff.

59. As a result of Defendants' conduct, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

60. In addition to injunctive relief, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.


## FOURTH CLAIM FOR RELIEF
### Trademark Dilution under 15 U.S.C. § 1125(c) (against all Defendants)

61. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

62. Wenger Emblem combined with SWISSGEAR are famous marks within the meaning of the Trademark Dilution Revision Act.

63. Wenger Emblem combined and SWISSGEAR are inherently distinctive and have further acquired a strong recognition in the general marketplace and in the consumer goods industry as a result of extensive use, advertising and publicity.

64. The Defendants' unauthorized commercial use of a mark that is highly similar to Wenger Emblem with SWISSTECH after Plaintiff's Wenger Emblem marks acquired nationwide fame, is likely to dilute, tarnish, and blur the distinctive quality of Plaintiff's marks, and is diminishing the capacity of those marks to identify and distinguish Plaintiff's Goods, in violation of 15 U.S.C. § 17 1125(c).

65. By reason of the acts of the Defendants, Plaintiff is suffering irreparable harm, and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

66. Defendants willfully intended to cause dilution of Plaintiff's famous marks. In addition to injunctive relief, in light of the intentional nature of the Defendants' actions, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**Trademark Counterfeiting Under 15 U.S.C. § 1114**

67. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

68. Defendants' use of Galaxy Cross with SWISSTECH in connection with the marketing and sale of goods is a spurious designation that is identical to Wenger Emblem and SWISSGEAR on goods covered by Plaintiff's federal trademark registrations.

69. Upon information and belief, Defendants, with knowledge that their use of Galaxy Cross and SWISSGEAR is counterfeit, have intentionally used those marks in the United States, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods. Alternatively, Defendants have been willfully blind to the existence of Wenger's Wenger Emblem and SWISSGEAR Marks.

70. Defendants' use of SWISSTECH combined with Galaxy Cross to advertise, promote, offer for sale, distribute and sell their goods was at all times and is currently without Plaintiff's authorization, license, or consent.

71. Defendants' use of SWISSGEAR and the Galaxy Cross in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods on the Internet and at trade shows constitutes a use of the mark in commerce.

72. Defendants have intentionally used Galaxy Cross, knowing it is counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

73. Defendants' use of a mark that is highly similar to Wenger Emblem to advertise, promote, offer for sale, distribute and sell goods bearing counterfeit trademarks has been and is currently without Plaintiff's authorization, license, or consent.

74. Defendants' use of Galaxy Cross on and in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods on the Internet and at trade shows constitutes

a use of the mark in commerce.

75. Defendants' conduct constitutes willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

76. By reason of the foregoing, the Defendants are liable for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c), or at Plaintiff's election, an amount representing three times Plaintiff's damages and/or the Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

77. Plaintiff is also entitled to permanent injunctive relief, including an order permitting the seizure of all "goods and counterfeit marks… the means of making such [counterfeit] marks, and records documenting the manufacture, sale, or receipt of things involved in such [counterfeiting] violations," pursuant to 15 U.S.C. § 1116(d).

### SIXTH CLAIM FOR RELIEF
### State Law Trademark and Trade Name Infringement (against all Defendants)

78. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

79. Defendants' conduct constitutes willful trademark and trade name infringement under New York law.

80. Upon information and belief, the Defendants have acted willfully, and with the intention

and the likely result of confusing, misleading, and deceiving consumers.

81. Defendants' conduct constitutes willful infringement of Plaintiff's rights in violation of New York law.

82. By reason of the Defendants' conduct, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

83. In addition to injunctive relief, Plaintiff is also entitled to profits, damages, and costs, as provided by law herein.

## SEVENTH CLAIM FOR RELIEF
### Copyright Infringement under 17 U.S.C. § 501(a) (against all Defendants)

84. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

85. Defendants' copying is substantially similar to Plaintiff's original work encompassed by Wenger Emblem.

86. Upon information and belief, Defendants had access to the Wenger Emblem, and copied constituent elements of the Wenger Emblem in creating the logo that is used by Defendants in their products.

87. Defendants are not authorized by Plaintiff to use Plaintiff's Wenger Emblem, or any

substantially similar variations thereof in any way.

88. Defendant' use and reproduction of the design constitutes infringement of Plaintiff's registered copyright, in violation of the Copyright Act, 17 U.S.C § 501(a).

89. Upon information and belief, the aforesaid infringing conduct, by which Defendants are profiting, was undertaken willfully and with the intention of causing customer confusion, mistake or deception as to the source, sponsorship by or affiliation with Plaintiff.

90. By reason of Defendants' conduct, Plaintiff is suffering irreparable harm and, unless Defendants are enjoined from continuing its wrongful acts, will continue to suffer irreparable harm from Defendants' copyright infringement.

91. In addition to injunctive relief, Plaintiff seeks an order impounding Defendants' articles that display Wenger Emblem or otherwise violate Plaintiff's copyright in Wenger Emblem.

92. Plaintiff is also entitled to actual damages and profits, or statutory damages of up to $150,000 for Defendants' willful infringement of Plaintiff's copyright-protected Wenger Emblem, and costs as provided by law including attorneys' fees in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### State Common Law Unfair Competition(against all Defendants)

93. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

94. Defendants' conduct constitutes unfair competition under New York law.

95. By reason of such acts by the Defendants, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

96. In addition to injunctive relief, Plaintiff is also entitled to profits, damages and costs, as provided by law.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants ordering that:

    a.  Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

        i.  Using SWISSTECH, or any substantially similar designations with Galaxy Cross, in advertising, promoting, or distributing any products or services;

       ii.  Using the Galaxy Cross, or any substantially similar designations, in advertising, promoting, or distributing any products or services;

    b. Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, shall cause all of their products, packaging and materials in the United States that contain SWISSTECH, with Galaxy Cross, or any substantially similar designations of such marks and which have not been sold to end user

customer to be destroyed or discarded;

c.  Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendants under oath setting forth in detail the manner in which Defendants have complied with this injunction;

d.  Plaintiff recover its damages sustained as a result of Defendants' trademark infringement, dilution and tarnishment, unfair competition, and false designation of origin, under federal and state law;

e.  Plaintiff recover statutory damages under 17 U.S.C § 504(c) for Defendants' willful infringement of Plaintiff's federal copyright right;

f.  Plaintiff recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and all other rights, legal and equitable under the Copyright Laws of the United States.

g.  The United States Patent and Trademark Office cancel U.S. Trademark Registration Nos. 5,540,824 and 5,576,224.

h.  Plaintiff recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate acts of federal trademark dilution by Defendant;

i.     Plaintiff recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

j.     Plaintiff recover its reasonable attorneys' fees pursuant to New York General

Business Law §349(h).

k.     Plaintiff recover its taxable costs and disbursements herein; and

l.     Plaintiff be awarded other relief as the Court may deem just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a Trial by Jury.

Dated: New York New York
         February 7, 2020

RIMON, P.C.

By:     */s/Maxim H. Waldbaum*
         Maxim H. Waldbaum
         245 Park Avenue, 39th Fl.
         New York, NY  10167
         P: (917) 603-3905
         F: (212) 363-0270

         *Attorney for Plaintiff*
         *Wenger S.A.*

Dated: New York New York
         February 7, 2020

RIMON, P.C.

By:     */s/David I. Greebaum*
         David I. Greenbaum
         245 Park Avenue39th, Fl.
         New York, NY  10167
         P: (646) 779-0787
         F: (212) 363-0270

         *Attorney for Plaintiff*
         *Wenger S.A*