UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WENGER S.A.,                                                :
                                  Plaintiff,                :
                                                            :      20 Civ. 1107 (LGS)
                -against-                                   :
                                                            :      ORDER
GALAXY BRANDS LLC, et al.,                                  :
                                  Defendants.               :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Third Amended Case Management Plan and Scheduling Order, dated April 7, 2021 and required all fact discovery be completed by August 6, 2021.  (Dkt. 63).

WHEREAS, on July 20, 2021, Plaintiff proposed filing a motion under Federal Rule of Civil Procedure 37 and Individual Rule III.C.3 for failure of both Defendants to produce documents and of a third-party witness to honor Plaintiff's subpoena. (Dkt. No. 68).

WHEREAS, pursuant to a July 8, 2021, Order (Dkt. No. 72), the parties submitted a Proposed Fourth Amended Case Management Plan and Scheduling Order requesting a 60-day extension of all deadlines.  (Dkt. No. 73).

WHEREAS, a discovery conference was scheduled for August 12, 2021 to discuss progress of discovery;

WHEREAS, the discovery issues with the third-party witness have been resolved;

WHEREAS, Defendants were ordered to have an in-house client representative attend the conference in the event Defendants had not yet produced documents requested over a year ago on June 25, 2020, and July 9, 2020.  (Dkt. No. 76).

WHEREAS, Defendant Galaxy and Defendant Olivet failed to produce the requested documents by the time of the conference.  Defendant Galaxy's in-house representative was not

present at the conference in violation of the Court's order.  As of the time of the conference, Galaxy had not produced any documents, Oliver had produced virtually no documents, and neither Defendant had served any interrogatories or requests to admit, and no depositions had been taken.  It is hereby

    **ORDERED** that Defendant Galaxy, by **August 13, 2021**, shall produce a link to responsive documents, and by **August 20, 2021**, shall file a letter signed by the in-house client representative primarily responsible for the production and authorization of production of discovery, (i) acknowledging that failure to comply with this Court's discovery orders can result in serious sanctions pursuant to Federal Rules of Civil Procedure 37(b), including the Court's rendering a default judgment against Galaxy finding Galaxy liable on the claims asserted, and contempt sanctions including a monetary fine, and (ii) committing to make best efforts to comply with the Court's orders.  It is further

    **ORDERED** that Defendant Olivet file a letter by **August 20, 2021**, that describes the contents of the drive containing responsive documents referenced at the conference, outlines the steps taken and to be taken to produce responsive documents, and proposes a final date for production.  It is further

    **ORDERED** that the parties shall adhere to the following discovery schedule:

- All fact discovery shall be completed by **October 5, 2021**;
- All Rule 30(b)(6) deposition notices shall be served by **August 20, 2020**, and shall be narrowly tailored, and any Rule 30(b)(6) depositions shall take place by **September 30, 2021**;
- Any additional interrogatories and requests to admit shall be served by **August 20, 2021**, and answered by **September 10, 2021**.  Each party may serve not more

than three interrogatories and ten requests to admit;

- All expert discovery shall be completed by **January 14, 2022.**  By **October 5, 2021**, the parties shall serve their expert reports.  By **November 16, 2021**, the parties shall serve any rebuttal reports.  By **December 2, 2021**, the parties shall serve any reply reports.  By **January 14, 2022**, the parties shall complete all expert depositions;

- The parties shall file status letters per the Court's individual rules on **September 13, October 13, November 12 and December 13, 2021**;

- The case management conference to discuss any dispositive motions currently scheduled for October 7, 2021, is rescheduled for **February 3, 2022 at 10:30 a.m**.  The parties should be mindful to file any pre-motion letters at least two weeks before the conference.  If no such letters are filed, the conference will be cancelled and a trial scheduled.

A Fourth Amended Case Management Plan will issue separately.  The parties are hereby advised that no further extensions will be granted absent extraordinary circumstances.  Settlement discussions are not considered extraordinary circumstances.

The Clerk of Court is respectfully requested to calendar the February 3 conference referenced in the immediately preceding bulleted paragraph.

Dated: August 13, 2021
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**