

April 13, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Application GRANTED.  The Fifth Amended Case Management Plan will issue separately.  No further extensions to the discovery schedule will be granted absent extraordinary circumstances.

Dated: April 18, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    **Wenger S.A. v. Galaxy Brands LLC, et al.**
       **Case No.: 1:20-cv-01107-LGS**
       **JOINT STATUS LETTER AND REQUEST FOR NEW**
       **CASE MANAGEMENT SCHEDULE**

Dear Judge Schofield:

As of March 3, 2022, pursuant to the confirmed plan of liquidation approved by the United States Bankruptcy Court for the District of Delaware ("the "POL"), Galaxy has transferred the SWISS TECH trademarks and related designs at issue in this case to a new company, Swisstech IP Co., LLC ("ST"), which took title to such assets free and clear of any liens, claims or encumbrances other than approximately $6.2 million of pre-existing secured claims. In addition, also pursuant to the POL, the membership interests in ST were transferred to the SBGI Liquidating Trust ("SBGI"). As such, Galaxy does not have any assets and will be dissolved in due course as provided in the POL.

The Court's Order of April 11, 2022 directed Galaxy to file by on April 13, 2022, an Amended Complaint substituting ST for Galaxy. On April 12, 2022, the parties filed a letter

seeking clarification of that Order as to whether the Court intended for plaintiff Wenger or defendant Galaxy to file the Amended Complaint, and if Galaxy to clarify the procedure to do so.

A new FIFTH AMENDED CASE MANAGEMENT SCHEDULE ("CMS") is appended hereto. The proposed CMS provides for a ninety (90) day period to complete fact discovery, beginning on May 4, 2022, the date by which ST will file its answer to the Amended Complaint pursuant to the Court's April 11, 2022 Order. Exchange of expert reports and expert discovery will follow in accordance with the CMS.

Discovery by Plaintiff shall include inquiries into the appropriateness of adding SBGI as a party defendant if it is warranted. Outstanding discovery of ST and Olivet shall include updated information on sales, marketing, royalty and related information on their luggage and backpack products, and any new agreements since August 31, 2022, that relate to the assertions made in the Amended Complaint. Third-party discovery of Walmart and any related individuals and companies shall also be completed in this time frame.

Outstanding discovery of Wenger shall include completion of document productions, including sales figures, advertising expenditures, and other outstanding document requests; updates to interrogatory responses; and party depositions.

At the request of ST and Olivet, they should have a quiet period of time to continue to discuss settlement resolutions with Plaintiff, a request of 60 days. Some lesser discovery will take place during those 60 days, e.g., agreements relevant to this litigation entered into as a result of the bankruptcy, Fed. R. Civ. P., Rule 30(b)(6) depositions on Wenger, ST, SBGI and Olivet, and up to date sales and royalty information during that period. It is expected that settlement negotiations with Olivet will commence during that 60-day period, when it appears clear that a settlement with ST is going to occur.

3 | P A G E

        Respectfully submitted,

        RIMON, P.C.

        By: */s/ Maxim H. Waldbaum*
        Maxim H. Waldbaum
        100 Park Avenue 16th Floor
        New York, NY 10017
        Tel: 917.979.4776
        Email: maxim.waldbaum@rimonlaw.com

        *Attorney(s) for Attorney for*
        *Plaintiff-Counter Defendant*
        *Wenger S.A.*

cc: All parties via Notice of Electronic Filing by ECF