UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
Wenger S.A.,

         Plaintiff,

  -v-

Swisstech IP Co., LLC and Olivet
International, Inc., (Proposed)

         Defendants
---------------------------------------------------------------------X

~~(PROPOSED)~~ SIXTH AMENDED ~~(PROPOSED) FIFTH AMENDED~~ ~~XXXXXX~~ ~~XXXXXXXXXXXXXX~~ ~~THIRD AMENDED~~ ~~XXXXXXXXXXXXX~~ ~~SECOND AMENDED~~ ~~XXXXXXXXXXXXX~~ ~~FIRST AMENDED~~ ~~XXXXXXXXXXXXX~~

1:20-cv-01107 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [*do not consent*] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.  The parties [*have*] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No __X__ ]

  b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes _____ / No __X__ ]

  c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https:// nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes _____ / No __X__ ]

  d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No __X__ ]

4.       Alternative Dispute Resolution/Settlement

        a.     Settlement discussions [*have*] taken place.

        b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        _____
        _____
        _____

        c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
        *Magistrate Judge*

        d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
        *After the close of fact discovery*

        e.     **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.       No additional parties may be joined after *45 days after the commencement of the fact discovery period in paragraph 8(a)* without leave of Court.

6.       Amended pleadings may be filed without leave of Court until *75 days after the commencement of the fact discovery period in paragraph 8(a)*.

7.       Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than *14 days after the commencement of the fact discovery period in paragraph 8(a)*. [Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]

        9.6.2022
        ~~October 5, 2021~~ ~~8.4.2022~~
        ~~August 6, 2021~~
        ~~xxxxxxxxxxxxx~~

8.       Fact Discovery

        a.     All fact discovery shall be completed no later than *120 ~~days following the commencement of the fact discovery period, which shall begin 30 days after the New York State on PAUSE order (due to COVID-19) is lifted for all businesses located in New York~~* . [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

        12/9/2020 ~~xxxxxxxxx~~
        2/9/2021
        4/5/2021 ~~xxxxxxxxx~~

    b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by *35 days after the commencement of the fact discovery period in paragraph 8(a)*.

    c. Responsive documents shall be produced by *35 days after service of requests for production of documents*. Do the parties anticipate e-discovery? [Yes  *X*      / No _____]

    d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by *35 days after the commencement of the fact discovery period in paragraph 8(a)*.

See August 13, 2021 Order (Dkt. No. 80)

    e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by *close of fact discovery in paragraph 8(a)*.

See August 13, 2021 Order (Dkt. No. 80)

    f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by *85 days after the commencement of the fact discovery period in paragraph 8(a)*.

See August 13, 2021 Order (Dkt. No. 80)

    **g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a. Anticipated types of experts if any:
*Survey experts*
*Damages experts*

10/15/22
9.6.2022
~~9/13/2022~~
11.14.2022
~~11/14/2022~~
~~9/24/2021~~
~~1/23/2021~~
~~3/23/2021~~
~~5/24/2021~~

**Expert Reports are due September 6, 2022.**

**Conclusion of discovery on the Expert reports due October 15, 2022.**

    b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~*45 days from the completion date in paragraph 8(a)*~~. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

    c. If you have identified types of experts in question 9(a), by *30 days before the deadline in paragraph 8(a) [no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

See August 13, 2021 Order (Dkt. No. 80)

10. This case [*is*] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is *4 days*.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

*Confidential Protective Order to be submitted to the Court within 30 days.*

*The period of discovery in paragraph 8(a) shall commence 30 days after the New York State on PAUSE order (due to COVID-19) is lifted for all businesses in New York City.*

13. Status Letters and Conferences

**By July 26, 2022, the parties shall file a joint letter providing dates certain for each remaining deposition and any other outstanding discovery.**

a. By *60 days after the commencement of fact discovery* [60 days after the commencement of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

**7.15.2022**
**9.20.2022**

b. By *14 days after the close of fact discovery* [14 days after the close of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On *14 days after the close of all discovery* at ___ A.M. [usually 14 days after the close of all discovery], a pre-motion conference will be held for any anticipated dispositive motions, provided: **9.15.2022 at 10:30 AM**

**November 2, 2022, at 4:00 P.M.**   October 5, 2022, at 4:00 P.M.

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

   ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: July 26, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

Maxim H. Waldbaum
P: (917) 603-3905
E: maxim.waldbaum@rimonlaw.com
David I. Greenbaum
P: (646) 779-0787
E: david.greenbaum@rimonlaw.com
Rimon, P.C.
100 Park Avenue 16th Floor
New York, NY 10017

Attorneys for Plaintiff Wenger S.A.

Jeremy D. Richardson
Freeborn & Peters LLP
230 Park Avenue
Suite 630
New York, NY 10169
P: (646) 993-4437
E: jrichardson@freeborn.com

and

Charles H. Brown, III has retired
Gregory F. Ahrens has taken his place

Gregory F. Ahrens
WOOD HERRON & EVANS, LLP
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
P: (513) 707-0202
E: gahrens@whe-law.com

Attorneys for Proposed Defendant
Swisstech IP Co., LLC

Michael Anthony Siem
Goldberg Segalla LLP
711 3rd Avenue
Ste 1900
New York, NY 10017
646-292-8762
Email: msiem@goldbergsegalla.com


Matthew Scott Trokenheim
Goldberg Segalla LLP
665 Main Street
Buffalo, NY 14203
973-681-7024
Email: mtrokenheim@goldbergsegalla.com

Attorneys for Defendant Olivet
International, Inc.