
www.rimonlaw.com

November 1, 2022

**VIA EMAIL AND ECF**
Schofield_NYSDChambers@nysd.uscourts.gov

Hon. Lorna G. Schofield
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re:  Wenger S.A. v. Olivet International, Inc., *et al.*
      Case No. 1:20-cv-1107(LGS)

      **Third-party Walmart Inc.'s failure to fully comply with Plaintiff Wenger S.A.'s subpoena**

Dear Judge Schofield:

Plaintiff Wenger S.A. ("**Wenger**") writes to the Court pursuant to this Court's Individual Rule III.C.3 to inform the Court about third-party Walmart Inc.'s ("**Walmart**") ongoing obvious failure to fully comply with Wenger's subpoena duces tecum, originally served on July 7, 2021, re-sent this year on June 28, 2022 (the "**Subpoena**"), *see* Exhibit A, and this Court's express Order from October 17, 2022, to provide the multitude of documents requested. *See* Docket Entry No. 147 (the "**October 17 Order**").

The Subpoena consists of ten document requests. According to Walmart's latest statement, no responsive documents exist with regard to requests nos. 2-10. *See* Declaration of Yasmeen Al-Shukri from October 24, 2022 (the "**Declaration**"), attached hereto as Exhibit B.

Wenger asks this Court to direct Walmart to provide insight into its search for responsive documents given that Wenger deems it highly implausible that no such documents exist in response to the requests.

---

**MAXIM H. WALDBAUM, RIMON P.C. | 245 PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10167**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

**RIMÔN LAW**
www.rimonlaw.com

Moreover, Wenger believes that Walmart's noncompliance with the Subpoena should result in a daily fine set by the Court as a proper sanction of a third party that has significantly caused injury to Wenger by its creation of this illegal and infringing retail selling market for luggage, and is now blocking discovery as to its now known substantial participation in this activity.

1. **Background**

On August 19, 2022, Walmart produced five documents, consisting of four General Merchandise agreements and Wenger's cease and desist letter from September 2019 (the "**Production**"). Those documents are only (partly) responsive to request no. 1 in the Subpoena.

Wenger has raised this issue with this Court several times, most recently in a joint letter, dated October 7, 2022. *See* Docket Entry No. 146.

Following the joint letter, the Court entered its October 17 Order, directing Walmart to "comply with the subpoena in this action or, no later than October 26, 2022, shall show cause in a written submission as to its failure to comply." *See* Docket Entry No. 147.

Wenger promptly served the Order on Walmart. *See* Docket Entry No. 148.

On October 24, 2022, Walmart served a declaration of Yasmeen Al-Shukri on Wenger, stating that Walmart has produced all responsive documents in its possession, and further stating that no responsive documents exist in response to requests nos. 2-10 (the "**Declaration**"). *See* Exhibit B.

Wenger has strong reason to believe that the statements in the Declaration are false statements, and that Walmart continues to fail to comply with the Subpoena in violation of this Court's October 17 Order. This is true for requests nos. 1, 2, 5, 6, 7, 8, 9, and 10 (the "**Outstanding Requests**").

Notably, Walmart has not claimed privilege or confidentiality, nor has Walmart at any point raised any other objections to these Outstanding Requests.

---

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

RIMÔN LAW
www.rimonlaw.com

**2. Wenger knows or has strong reason to believe that Walmart does in fact possess documents in response to the Outstanding Requests**

The Outstanding Requests and Deficiencies in responding to the Requests are outlined below:

<u>Request No. 1</u>: All agreements for the U.S. market with Galaxy and Olivet on luggage and backpacks and communications relating thereto in the last four years.

<u>Deficiencies</u>: Walmart's Production only contains agreements as well as a cease and desist letter from Wenger. No communication relating to those agreements was produced. Walmart states that it has produced all documents in its possession and control. However, Wenger finds it incredulous that no such communication exists and expects full production from Walmart. If Walmart would like to claim privilege as to any of the documents, Walmart is free to do so. It is not free, however, to simply withhold documents from Wenger based on the bogus claim that none exist.

<u>Request No. 5</u>: All documents and communications relating to quality considerations in selling goods relating to Switzerland in the U.S.

<u>Deficiencies:</u> Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." This statement is implausible given Walmart's development of Swisstech which – based on its name – has a clear relationship to Switzerland.

Moreover, Wenger has seen documents in the document productions from defendant Olivet International, Inc. ("**Olivet**"), and former defendant Galaxy Brands LLC ("**Galaxy**"), that show that one of the main considerations of Walmart in developing a Swiss-style brand was to emulate high-*quality* brands such as Wenger's brand Swiss Gear. One example is GALAXY_000047-71,

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

**3 | PAGE**

which contains email correspondence with Walmart as well as the Swisstech Marketing Deck. *See* Exhibit C.[1]

The marketing deck in the development of which Walmart personnel was directly involved provides for clear quality-related language, emphasizing that Swisstech should be a high-quality and reliable "Travelers Brand." *Id*. Indeed, the document reflects that the purpose of Swisstech was to "[ta]k[e] elements from the world's "Best" brands (such as Samsonite, Victorinox (Wenger's parent company), Delsey, Tumi, and others) and translating them into Swisstech – at "Better" prices for Walmart. In other words, Walmart wanted to elicit the same positive quality-related connotations as other established luggage brands on the market, including the Swiss brand Victorinox.

Moreover, the email correspondence includes the following statement "The product needs to have apparent quality like smooth, and sturdy wheels and zippers for the rollers and expanding pockets and inside dividers for carry-ons and back packs." *Id*.

This is just one example of a document Wenger knows exists that is directly responsive to the request and thus directly contradicts Walmart's assertion that no responsive documents exist. Walmart must either produce these documents or inform the Court as to when they were shredded (or otherwise deleted).

**Request No. 6**: Documents setting forth and comparing sales in the U.S. for luggage and backpacks, specifically for Galaxy, on the internet versus in retail store.

---

[1] Exhibit C, as well as below referenced Exhibits D and E stem from Galaxy's document production and are designated "highly confidential," containing internal communication and sales data. Pursuant to the Protective Order, Docket Entry No. 50, Section 6.2, Wenger may not disclose such information to the public. Wenger will therefore file those Exhibits separately under seal. An appendix that identifies all parties and attorneys of record who should have access to the sealed documents is attached. *See* Attachment A.

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

4 | PAGE

RIMÔN LAW
www.rimonlaw.com

Deficiencies: Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." Similar to request no. 5, Wenger is aware of responsive documents in Walmart's possession based on Galaxy's document production. In particular, Galaxy has produced royalty and sales figures from Walmart that differentiate between store and online sales of Swisstech luggage. *See, e.g.,* GALAXY_002848-50, attached hereto as Exhibit D.[2]

Walmart should thus not be allowed to deflect this request based on the untrue statement that there are no responsive documents and instead should make a complete production in response to this request.

**Request No. 7**: Documents setting forth the history of Your relationship in the U.S. with Wenger and Victorinox on all goods for the past ten years.

Deficiencies: Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." However, Walmart had a business relationship with Wenger until 2018. *See* Transcript of Deposition of John Pulichino, Vol. 1, at 102:6-13 (Q: "You learned that Walmart would be discontinuing selling SWISSGEAR Wenger production in 2018?" A: "That was the formal notification."). It is therefore highly unlikely that Walmart has no documents from the time period prior to 2018 regarding the sale of Wenger and Victorinox goods. Walmart should produce all those responsive documents in its possession and control.

**Requests No. 8**: All documents and communications relating to the advertising, marketing and promotion of Galaxy luggage and backpacks for the U.S. market in the past five years.

Deficiencies: Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." However, as stated above for request no. 5, Wenger is aware of

---

[2] See previous footnote.

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

5 | PAGE

documents responsive to this request that are in Walmart's possession, including the above-mentioned marketing deck. See Exhibit C. This proves that Walmart's statement in response to this request is a false statement and Walmart should comply in full with this request.

**Request No. 9**: All documents and communications relating to negotiations with Chinese companies for the U.S. market for luggage and backpacks, including Galaxy products.

Deficiencies: Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." Yet, such as with the previous requests, this statement is belied by the fact that Wenger is aware of responsive documents. By way of example, Galaxy's document production includes documentation of meetings that occurred with Walmart's supplier Li&Fung in China, at which Galaxy and Walmart representatives were present. GALAXY_005602-08. See Exhibit E.[3] Wenger has thus reason to believe that there are additional responsive documents which Walmart is withholding.

**Request No. 10**: Policies for the U.S. market concerning the quality and pricing of luggage and backpacks.

Deficiencies: Walmart has produced no documents in response to this request, claiming that "[n]o such documents exist." Even though Wenger has not seen any policies in the productions from Galaxy and Olivet, Wenger deems it highly unlikely that no such policies exist given that Walmart is one of the largest companies in the world and is selling luggage and backpacks from various different brands. It is therefore only plausible that Walmart would have policies governing its expansive luggage business and Wenger expects full production of those documents.

---

[3] See previous footnote.

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017
P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**

6 | PAGE

RIMÔN LAW
www.rimonlaw.com

3. **Conclusion**

In light of the deficiencies laid out above, as well as the clearly self-serving and untrue statements from Walmart in its Declaration, Wenger respectfully requests this Court to compel Walmart to offer insight into its search parameters for responsive documents.

Wenger further believes that Walmart's noncompliance with the Subpoena should result in a daily fine set by the Court as a proper sanction for this third party that has caused and is significantly causing injury to Wenger.

Respectfully submitted,

*/s/ Maxim H. Waldbaum*
Maxim H. Waldbaum
RIMON, P.C.
100 Park Avenue 16th Floor
New York, NY 10017
Tel: (917) 603-3905
Email:maxim.waldbaum@rimonlaw.com

Attorneys for *Wenger S.A.*

Walmart Inc. shall submit a response, not to exceed three pages, by **November 7, 2022**. The parties and Walmart Inc. shall appear for a telephone conference on **November 9, 2022, at 3:45 P.M.** At that time, participants shall call 888-363-4749 and use the access code 558-3333.

Plaintiff shall promptly serve a copy of this Order on Walmart Inc. and shall file proof of such service on the docket no later than **November 4, 2022**.

So Ordered.

Dated: November 3, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

**MAXIM H. WALDBAUM, RIMON P.C. | 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017**
**P: (917) 603-3905 | maxim.waldbaum@rimonlaw.com**