

December 7, 2022

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Defendants shall file a response, not to exceed three pages, by **December 13, 2022**.  So Ordered.

Dated: December 8, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   **Wenger S.A. v. Olivet International, Inc., et al.**
      Case No.: 1:20-cv-01107-LGS
      <u>Letter Motion Requesting To File Motion For Sanctions Against Defendants For Intentionally Violating Your Order of October 17, 2022 (Docket No. 147)</u>

Dear Judge Schofield:

Pursuant to this Court's Individual Rules and Procedures Sections II.B.2. and III.C.3. and SDNY Local Civil Rule 37.2., Plaintiff Wenger S.A. ("Wenger") by filing this letter motion is asking the Court to file a motion pursuant to Fed. R. Civ. P. 37 against Defendants for relief for violation of this Court's Order of October 17, 2022.

On October 17, 2022, this Court ordered Defendants to file Rebuttal Reports limited solely to rebutting the Expert Reports of Wenger (the "October Order"). *See* Docket No. 147 ("Any rebuttal report from Defendants shall be limited to addressing only the issues raised by Plaintiff's expert(s)."). The Court also explicitly denied Defendants' request for extension of time for fact discovery and ordered factual discovery closed.

The October Order was required because (1) Defendants decided not to file any expert reports on October 6, 2022, as required under the Case Management and Scheduling Order



("CMS"), and because (2) Defendant Olivet International, Inc. ("Olivet") failed to produce a sufficient analysis of its costs/profits/sales on SWISSTECH luggage and present a proper 30(b)(6) witness that could provide the relevant sales and cost data—even though that information had been repeatedly requested by Wenger for two years. Indeed, Wenger had pointed out these deficiencies in Olivet's production to the Court in a letter submitted on October 7, 2022 (the very letter that triggered the October Order), in order to foreclose Defendants from attempting to later on producing the requested material for the purpose of rebutting Wenger's expert analysis on damages and disgorgement.

Now, Wenger's suspicions as to Defendants' attempts to dodge discovery obligations, and to "sneak in" expert reports by filing rebuttal reports that are not limited to Wenger's expert reports have been confirmed. On December 5, 2022, Defendants filed two Rebuttal Reports as to "rebut" (1) Wenger's expert on likelihood of confusion, and (2) damages. Both reports violate the October Order:

*First*, instead of limiting their report on rebutting Wenger's expert report on likelihood of confusion, Defendants' report in fact contains an independent expert report on likelihood of confusion. Specifically, the report explicitly states that Defendants' expert was "asked by counsel to field a point-of-sale survey that better reflects marketplace conditions. To do this, I implemented an Eveready survey design, …" *See* Rebuttal Expert Report of Jeffery A. Stec Ph.D. and Exhibits – Surveys (the "Survey Report"), at 33. The Survey Report then goes on discussing the Eveready survey. *Id*., at 35 et seq. Had Defendants wanted to introduce this type of expert information, they should have done so prior to the October 6 cut-off date for expert reports. Yet, they chose to wait until December 5 in direct defiance of this Court's October Order not to file reports that go beyond a mere rebuttal of the issues raised by Plaintiff's experts. In light of this behavior, Wenger believes

that it has the right to bring a motion for sanctions against Defendants requiring them to remove all matter from their Rebuttal Reports that violates this Court's Order. i.e., all matter that is not a mere rebuttal of Wenger's likelihood of confusion expert report. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis With Kinectiv Tech. and Versys Femoral Head Products Liab. Litig.*, 18-MC-2859 (PAC), 2021 WL 1405185, at *3 (S.D.N.Y. Apr. 14, 2021) ("[A] rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice. Nor is a rebuttal report an opportunity to correct oversights in the party's case in chief.") (internal quotations omitted).

*Second*, Defendants' second rebuttal expert report on damages includes factual material on the costs of Olivet's manufacture of SWISSTECH luggage for Walmart which is exactly the information Wenger had continuously requested from Olivet for two years and which Olivet has failed to produce in spite of these requests (*see supra*). *See* Rebuttal Expert Report of Jeffery A. Stec Ph.D. and Exhibits – Damages (the "Damages Report"), Exhibit 3 (listing several non-bates-stamped documents that Defendants' expert relied on). Now, Defendants reveal that information *after* fact discovery has closed, *after* Wenger's expert report on damages has been prepared at a cost of over $50,000-75,000 and *after* Wenger's expert has been deposed on November 17, 2022, and had to note the incomplete nature of the Report because of the failure of Olivet to give this cost information. Notably, Wenger went over 50 pages of examination of Olivet's 30(b)(6) witness Peter Lin who had absolutely no knowledge about the accounting of cost information that Wenger had requested for trial. After Mr. Lin's deposition, Wenger went through the effort of listing all instances in which Mr. Lin was not able to provide an answer to sales and cost related questions and in September asked Olivet to produce that missing information. In particular, this included a breakdown of the sales and cost data for SWISSTECH luggage. *See* **Exhibit A**. Yet, Olivet



withheld that information—until now. Olivet's attempt to include that data in the Damages Report is too late and indeed foreclosed by this Court's October Order. Clearly, Defendants' conduct is solely informed by their bad faith motivation to prevent Wenger and its expert from having access to information directly relevant for the issue of damages. To allow Defendants to rely on data only they had access to for the purpose of their expert reports would greatly prejudice Wenger.

Wenger requests a motion to be brought to sanction Defendants for this improper and intentional behavior which is clearly directed to harm Wenger. The sanction that makes sense is to strike completely the rebuttal report of Defendants on damages. *See, e.g., Rekor Sys., Inc. v. Loughlin*, 19-CV-7767 (LJL), 2022 WL 2063857, at *9 (S.D.N.Y. June 8, 2022) (excluding rebuttal report pursuant to Rule 37 because "Defendants' late disclosure of the expert reports—at a post-discovery conference and after all discovery was to be completed and trial was to be scheduled, smacks of bad faith and gamesmanship.").

We are asking the Court for a hearing in this regard as Wenger cannot properly go forward with its Reply Report due on December 19 and further meaningful discovery with these wrongs outstanding during the expert discovery period following our Reply. Trial by ambush has never been an acceptable practice in this Court but Defendants are attempting to make an art form of it.[1]

On December 6, 2022, prior to Wenger filing this letter motion, the parties had a meet and confer to discuss the issues laid out above but could not resolve the dispute.

---

[1] Defendants have also marked these rebuttal reports as HIGHLY CONFIDENTIAL without support and have done so solely to prevent our client from being informed of this illegal activity.

Respectfully submitted,

RIMON, P.C.

By: */s/ Maxim H. Waldbaum*
Maxim H. Waldbaum
100 Park Avenue 16th Floor
New York, NY 10017
Tel: 917.979.4776
Email: maxim.waldbaum@rimonlaw.com

*Attorney(s) for Attorney for Plaintiff-Counter Defendant Wenger S.A.*

cc: All parties via Notice of Electronic Filing by ECF