RIMÔN LAW
www.rimonlaw.com

December 15, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    ***Wenger S.A. v. Olivet International, Inc., et al.***
              **Case No.: 1:20-cv-01107-LGS**
              **Response to Court Order from December 14, 2022 (Docket Entry #181) - Request for Relief**

Dear Judge Schofield:

Plaintiff Wenger S.A. ("Plaintiff" or "Wenger") hereby responds to the Court's Order issued on December 14, 2022, granting in part [175] Plaintiff's Letter Motion for Leave to File Document; *see* Docket Entry #181, and states its requested relief as follows:

1. Plaintiff requests that Defendants immediately produce all documents mentioned and relied on by their expert Dr. Spec in Defendants Rebuttal Reports that have not yet been provided to Wenger. This includes in the very least all non-bates-stamped documents listed in Exhibit 3 to the Damages Rebuttal Report, i.e.:

    - Swisstech shipping amount - Updated.xlsx.

    - SwissTech Summary 2019-2022 updated 10202022.xlsx

    - Olivet SG&A as Dec-2019.xlsx

    - Olivet SG&A as Dec-2020.xlsx

- Olivet SG&A as Dec-2021.xlsx

- Olivet SG&A as Aug-2022.xlsx.

Should Defendants' expert Dr. Stec have relied on additional documents not listed above that were not previously produced to Plaintiff, Defendants shall equally make those documents available to Wenger. This includes, but is not limited to, all correspondence between Defendants' expert any Olivet personnel and all notes taken by Dr. Stec and Olivet personnel used in creating the cost information in Defendants' rebuttal report on damages.

2. Wenger further requests that Defendant Olivet make available for deposition suitable witnesses within the accounting department of Olivet, its affiliate in China, FTI International and its parent, FTI Holdings, with sufficient knowledge to answer all outstanding discovery issues, in particular, all pertinent cost and sales information that were previously withheld from Plaintiff but clearly given to Defendants' expert for the purpose of preparing his rebuttal reports.[1] This information includes all decisions on transfer pricing that allows Olivet to claim little or no gross profit on sales of $85Million and where related profits exist in the other two Olivet companies. All issues that are relevant in this context were communicated by Wenger to Olivet in September 2022. *See* Exhibit B (this communication was also attached to Wenger's Letter Motion [175]). Wenger also reserves the right to depose any additional employee, officer, representative

---

[1] The failure of Olivet to explain how its sales of $85 Millon of SWISSTECH branded luggage with little or no gross profit requires Wenger to analyze the transfer pricing that is going on between or among the Olivet affiliates in China and the parent company to hide meaningful income from a proper analysis in this case. This will require at the least depositions from these affiliates. The evasive responses by Peter Lin of Olivet make this clearly necessary. *See* Exhibit A (Excerpt of Transcript of Peter Lin Deposition, pages 1-2; 44-64).

or agent of Olivet that discussed issues pertaining to Defendants' rebuttal reports with Dr. Spec.

3. In order to conduct the additional discovery as laid out above, including additional depositions, Plaintiff requests an extension of the December 19 deadline to file Reply Reports and now required revised Expert Reports, until January 21, 2023, followed by a two-week period until February 7, 2023, to allow for any further discovery by any of the parties.

4. Wenger requests that Defendants cover all costs caused by Defendants' harmful behavior that could have been avoided had Defendants timely and properly complied with Wenger's discovery requests, including all costs deriving from the additional discovery that has become necessary as well as all costs for Wenger's Reply Reports. The additional depositions and review of new documents could have been avoided, had Olivet presented a knowledgeable 30(b) witness or followed up with regard to any of the outstanding issues (*see* Exhibit B) after the deposition. Even more dramatic are the costs that could have been avoided had Olivet provided Wenger with all data relevant for the calculation of damages prior to submission of Wenger's expert reports and deposition of Wenger's damages expert. Now, Wenger's expert reports need to be redone based on the new information that will result from the additional discovery. These are substantial costs all to be borne by Defendants.

5. By February 10, 2023, Plaintiff will provide the Court with a letter setting forth all costs that resulted from the sanctionable behavior of Defendants and Defendants shall pay those costs by February 17, 2023.

6. Lastly, given the manner and extent of harm caused by Defendants, Plaintiff believes that there should be an initial sanction of $50,000 to begin covering Plaintiff's costs. Defendants can pay the remainder—which will still be substantial—at the end of the period suggested under 5 above. (February 17, 2023).

> Respectfully submitted,
>
> RIMON, P.C.
>
> By: /s/ Maxim H. Waldbaum
> Maxim H. Waldbaum
> 100 Park Avenue 16th Floor
> New York, NY 10017
> Tel: 917.979.4776
> Email: maxim.waldbaum@rimonlaw.com
>
> *Attorney(s) for Attorney for Plaintiff-Counter Defendant Wenger S.A.*

cc: All parties via Notice of Electronic Filing by ECF

Application **GRANTED in part**.

Request one is granted, with the exception of any documents protected by attorney-client privilege or attorney work-product doctrine.

Request two is granted in part. Defendant Olivet shall make available for deposition a witness within its accounting department. Olivet is not required to produce a witness from its affiliate or parent.

Request three is granted. The pre-motion conference scheduled for January 18, 2023, is adjourned to **March 1, 2023, at 4:00 P.M.** on the following conference line: 888-363-4749, access code: 558-3333.

Requests four and five are granted in part. The Court reserves judgment on the issue of the amount, if any, of Plaintiff's costs to impose on Defendants.

Request six is denied.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 184.

Dated: December 16, 2022
  New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE