

January 5, 2023

Matthew S. Trokenheim | Partner
Direct 973.681.7024 | mtrokenheim@goldbergsegalla.com

*For substantially the reasons stated in this letter, Plaintiff's motion for sanctions is **DENIED**. Request two at Dkt. No. 186 did not include relief in the form of additional document discovery. Nevertheless, Defendant Olivet is directed to produce the documents requested at Dkt. No. 188. Defendant Olivet's cross-motion for sanctions is **DENIED.***

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York

*The Clerk of Court is respectfully directed to close the motion at Dkt. No. 188.*

Dated: January 9, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Wenger S.A. v. SwissTech IP Co., et al.*, Case No.: 1:20-cv-01107-LGS
      <u>Response to Plaintiff's Letter Regarding the December 19, 2022 Discovery Order</u>

Dear Judge Schofield:

I write on behalf of defendant Olivet International, Inc. ("Olivet") in response to the letter motion of Plaintiff Wenger S.A. ("Plaintiff" or "Wenger") titled "Letter Regarding Continued Flaunting of This Court's Discovery Orders by Olivet International, Inc.," filed on January 5, 2023 ("Plaintiff's Letter"). ECF 188. Plaintiff's Letter argues that Defendants violated Your Honor's December 19, 2022 Order ("Order") (ECF 187; Plaintiff's Letter, Ex. 1) granting in part and denying in part Plaintiff's December 15, 2022 request for discovery relief ("Request for Relief") (ECF 184; Plaintiff's Letter, Ex. 4). Plaintiff's Letter demands daily sanctions until Olivet produces certain documents that Plaintiff believes ordered to be produced by the Order. However, the Order clearly contains no direction to produce the requested documents, therefore the Letter motion should be denied, and instead sanctions should be imposed on Plaintiff for the filing of this frivolous motion.

On December 7, 2022, Plaintiff filed a motion for an order sanctioning Defendants by excluding parts of Defendants' expert reports. ECF 175; Plaintiff's Letter, Ex. 2. The Court denied that request in favor of ordering additional discovery, and ordered Plaintiff to file a letter identifying the additional relief it required. ECF 181; Plaintiff's Letter, Ex. 3. On December 15, Plaintiff filed the Request for Relief, which sought six categories of relief, only the first two of which relate to additional discovery. The first request sought production of all documents relied on by Defendants' expert Dr. Spec. Plaintiff's Letter, Ex. 4, p. 1-2. Olivet has produced all such documents. The second request is the subject of this dispute.

The second paragraph of the Request for Relief states in relevant part:

> Wenger further requests that Defendant Olivet make available for **deposition** suitable witnesses within the accounting department of Olivet, its affiliate in China, FTI International and its parent FTI Holdings, **with sufficient knowledge to answer all outstanding discovery issues, in particular**, all pertinent cost and sales information that were previously withheld from Plaintiff but clearly given to Defendants'' expert for the purpose of preparing his rebuttal reports. This information includes all decisions on transfer pricing that allows Olivet to claim little or no gross profit

1037 Raymond Boulevard, Suite 1010, Newark, NJ 07102-5423  |  973-681-7000  |  973-681-7101  |  **www.goldbergsegalla.com**

CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA

January 5, 2023
Page 2

> on sales of $85 Million and where related profits exist in the other two Olivet companies.

ECF 184, Request for Relief, p. 2 (emphasis added). The Order addressed this request as follows:

> Request two is granted in part. Defendant Olivet shall make available for deposition a witness within its accounting department. Olivet is not required to produce a witness from its affiliate or parent.

ECF 187, Order, p. 4. Neither paragraph 2 of the Request for Relief, nor the part of the Order addressing paragraph 2, contains any reference to the production of documents. Paragraph 2 seeks depositions of witnesses "with sufficient knowledge to answer all outstanding discovery issues," and then discusses the information on which the witnesses should have sufficient knowledge. The word "document" does not appear.

On December 21, 2022, Plaintiff's counsel emailed a letter to Olivet's counsel demanding six categories of documents (the "Dec. 21 Demand Letter"). Plaintiff's Letter, Ex. 5. Categories 1 through 4 of the Dec. 21 Demand Letter sought documents provided to or relied upon by Dr. Stec, and which fall within the scope of the first paragraph of the Request for Relief and the Order granting the relief sought therein. Category 5 and 6 of the Dec. 21 Demand Letter sought:

> 5. All information relating to the transfer pricing that occurred between or among Olivet, FTI International and Olivet's parent company as to all luggage sales from January 1, 2019 to the present, including but not limited to, all calculations of charges and invoicing from FTI International to Olivet as to SWISSTECH luggage and all costs in connection with such sales.
>
> 6. All documents responsive to the requests communicated by Wenger to Olivet following the deposition of Peter Lin in September 2022, attached hereto as Exhibit A.

Plaintiff's Letter, Ex. 5, p. 2. Plaintiff further stated in the Dec. 21 Demand Letter that "[t]he Court made very clear that Wenger is entitled to the above information…."

On December 27, Olivet responded to Plaintiff's Dec. 21 Demand Letter ("Dec. 27 Response"). Letter, Ex. 7, p. 1-2. In that letter, Olivet walked through the language of the Request for Relief and Order, detailing how the Request for Relief did not seek categories 5 and 6, the Order did not direct Olivet to produce any such documents, and that Olivet would therefore not produce any such documents. Olivet agreed to abide by the Order to provide a witness to testify to those topics. Olivet's Dec. 27 Response quotes the text of the Request for Relief, and the Order, and clearly demonstrated that the Order did not cover the documents sought by Plaintiff via the Dec. 21 Demand Letter.

January 5, 2023
Page 3

On January 3, 2022, Plaintiff again wrote to Olivet demanding the same documents ("Jan. 3 Letter"), but providing no additional basis to infer that the Request for Relief sought these documents or that the Court ordered them produced. Instead, Plaintiff argued that the Court didn't deny them these documents, but without citing any text showing they were requested or ordered produced. As Plaintiff did not include its Jan. 3 Letter as an exhibit, Olivet attaches it as Exhibit A. On January 4, 2023, Olivet responded to Plaintiff's Jan. 3 Letter by again pointing out the flaws in Plaintiff's argument. Letter, Ex. 7, p. 3-4.

Olivet has fully complied with the Order by producing the documents ordered to be produced, i.e. all non-privileged, non-work product documents referred to or relied on by Dr. Stec. The Request for Relief clearly does not request any other documents. Plaintiff has not identified any language seeking any other documents. And Plaintiff has not identified any part of the Order that directs the production of any other documents. Plaintiff may have wished it had sought the other categories of documents, or believed that it was seeking those documents, but no such request appears in the Request for Relief. Olivet has no obligation to cure Plaintiff's omission or drafting error.

Plaintiff's letter motion seeking sanctions is another obvious overreach intended to harass Olivet. As demonstrated herein, and on the face of the Request for Relief and Order, the lack of any language seeking or directing production of the requested documents cannot be disputed. Plaintiff's inability to point to any such language in this motion for sanctions is itself sanctionable conduct under 28 USC 1927. *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir 2000)("We have held that an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Olivet therefore requests the Court sanction Plaintiff's counsel under 28 USC 1927, which allows sanctions upon "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v Midland Credit Mgt.*, 897 F3d 42, 55 (2d Cir 2018).

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

*/s/ Matthew S. Trokenheim*
Matthew S. Trokenheim
1073 Raymond Blvd. Suite 1010
Newark, NJ 07102
Tel. 973.681.7024
Em. mtrokenheim@goldbergsegalla.com

MST: