

Matthew S. Trokenheim | Partner
Direct 973.681.7024 | mtrokenheim@goldbergsegalla.com

October 13, 2023

VIA ECF

Hon. Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   Wenger S.A. v. Olivet International Inc.
      S.D.N.Y. Case No.
      Letter Motion to Seal

Dear Judge Subramanian,

We represent defendant Olivet International Inc. ("Olivet") in the above referenced action by plaintiff Wenger S.A. ("Wenger"). Pursuant to Your Honor's Individual Rules and Procedures for Civil Cases and Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6, Olivet files this Letter Motion to Seal regarding many of the documents related to Olivet's Motion for Summary Judgment. Documents designated under the Protective Oder entered in this action on July 31, 2020 as "Confidential" or "Highly Confidential" by plaintiff Wenger, defendant Olivet, co-defendant SwissTech IP Co. LLC, and third party Walmart, including all of the deposition transcripts, and financial documents, communications, and agreements produced by the parties and third parties in the action. Information from these Confidential and Highly Confidential documents appear in the Memorandum of Law and in the Rule 56.1 Statement of Material Facts. I have conferred with the designating parties and they requested to maintain the confidentiality of the material and asked for the documents to filed under seal.

With respect to the Deposition of Peter Lin, Olivet designated the transcript as confidential and requests that it be sealed because it contains sensitive and non-public financial information.

The request is DENIED WITHOUT PREJUDICE. As noted in the Court's Individual Practices, "any redaction or sealing of a court filing must be narrowly tailored," and "the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis." Certain financial documents that contain only confidential information may be submitted under seal. Other documents, such as deposition transcripts may be submitted with redactions, in line with the Court's Individual Practice 11.C.iii. Still other documents, such as public court filings and searches from the public trademark database, deserve no confidential treatment. By **October 27, 2023, at 5:00 p.m.**, the parties shall submit a more carefully circumscribed sealing and redaction request. The parties are also reminded to provide complete deposition transcripts by email. Individual Practice 8.I.v.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 16, 2023