SO ORDERED. The Clerk of Court is
directed to close ECF 268.

Arun Subramanian, U.S.D.J.
Date: November 8, 2023

VIA ECF
Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

      Re: *Wenger S.A., v. Olivet International, Inc.*, Case No. 1:20-cv-01107-AS,
          Letter Motion to Seal or Redact

Dear Judge Subramanian:

We write on behalf of former defendant Swisstech IP Co., LLC ("**STIP**") in the above-referenced case. Further to the Court's Individual Practices in Civil Cases Section 11.C and Order on Letter Motion to Seal (ECF No. 249), STIP files this Letter Motion to Seal or Redact ("**Letter Motion**") three documents attached as exhibits to Olivet International Inc.'s ("**Olivet**") Motion for Summary Judgment (ECF No. 244):

> (1) Exhibit I (ECF 246-9): a license agreement between Galaxy Brands LLC (STIP's predecessor-in-interest) and STIP's current licensee, which license agreement remains in effect;
> (2) portions of Exhibit E (ECF 246-5): the deposition transcript of James Setton – former Vice President of Business Development for STIP's predecessor-in-interest; and
> (3) portions of Exhibit F (ECF 246-6): the deposition transcript of Ezra Esses – former CEO of STIP's predecessor-in-interest.

While a presumption of public access applies to documents submitted in support of a motion for summary judgment, *Lugosch v. Pyramid Co. of Ondonaga*, 435 F.3d 110, 126 (2d Cir. 2006), the Second Circuit has held that the interests of third parties "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (noting that such interests "should weigh heavily in a court's balancing equation."). Additionally, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). This is likewise the case where "[t]he proposed redactions are narrowly tailored and limited," as well as where the information sought to be redacted or sealed is not relied upon. *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019).

Here, STIP requests **(1) the sealing of Exhibit I**: a third party trademark license agreement under which STIP currently operates, and which contains both sensitive financial and business information as well as express confidentiality obligations, and **(2) redaction of Exhibits E and F** which are deposition transcripts of former executives of STIP's predecessor-in-interest, and from which STIP seeks to redact only sensitive financial information, as well as sensitive information regarding corporate and branding strategy. Furthermore, the information STIP seeks to seal and/or

Hon. Arun Subramanian
October 27, 2023
Page 2

redact is not relied on or even cited in support of Olivet's motion for summary judgment.[1] For these reasons, and as further detailed below, STIP respectfully submits that a balance of all relevant considerations support keeping this material under seal and redaction, and requests that its Letter Motion be granted.

## I.      Exhibit I: Licensing Agreement between Galaxy Brands LLC and Walmart

STIP requests that Exhibit I, a license agreement which contains sensitive and proprietary business information including but not limited to operative pricing information, and the contents of which is not relied upon in the present briefing, be maintained under seal.

Exhibit I is a trademark license agreement between Galaxy Brands LLC (STIP's predecessor-in-interest), and STIP's current licensee. The highly confidential terms of this agreement govern the licensing of STIP's trademarks and include competitively sensitive and non-public information including royalty structures, valuations, indemnification terms, audit provisions, approval processes, and confidentiality requirements.  Disclosure of this competitively sensitive information to the public, including the contracting parties' competitors, would cause significant competitive and financial harm, including with respect to the entities' future contracting positions.  Nor is disclosure of these terms necessary or relevant to the briefing at issue, which references only the existence of this agreement but not its terms.  ECF No. 245 at 8.

Because there thus is no need for the public to view or understand the contents of this agreement, and because disclosure of its contents would work significant hardship on at least third party STIP, STIP respectfully requests that it remain under seal.  *Amodeo*, 71 F.3d at 1050 (holding that "documents including proprietary business practices of several non-party investment advisory firms" and which "generally discuss fees of the third parties, pricing and customer information, or other information related to their perceived competitive advantages" should remain under seal); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (noting "it is true that courts will seal "business information that might harm a litigant's competitive standing in the market."); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022) ("courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage") (internal quotations omitted).

## II.     Exhibits E and F: Deposition Transcripts of James Setton and Ezra Eddie Esses

STIP requests limited redactions of Exhibits E and F, which consist  of over 330 pages of commercially sensitive deposition testimony by executives of STIP's predecessor-in-interest, only

---

[1] For this reason, STIP alternatively requests that Olivet be directed to refile only those 5 collective pages of exhibits E and F cited in its briefing, rather than the over 330 pages of testimony presently attached, and which would significantly reduce the amount of redaction requested.

Hon. Arun Subramanian
October 27, 2023
Page 3

five pages of which Olivet relies upon or references in its motion.  ECF No. 245 at 7.  The redactions STIP seeks would restrict the commercially sensitive business and financial information contained in those exhibits, and do not include any information cited by Olivet.  As such, any public interest in this information is minimal and is outweighed by STIP's business interest in protecting that information.  *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 10892081, at \*2 (S.D.N.Y. Sept. 27, 2019) ("The Court did not rely on the non-party documents and concludes that the presumption of access is low and does not outweigh the business interest in protecting the information contained therein.").

With respect to Exhibit E, the deposition transcript of James Setton: former Vice President of Business Development for STIP's predecessor-in-interest, STIP's proposed redactions consist of valuations of STIP's intellectual property, competitive business decisions such as acquisition strategy, specific financial terms from the operative trademark license agreement referenced *supra* Section II, and sensitive business negotiations between STIP and its licensee.  Those redactions also include competitor analyses and STIP's confidential marketing and branding strategy.  The redactions applied to this deposition transcript have been narrowly tailored to these competitively sensitive categories, and do not include any information relied on by Olivet in its briefing.  STIP respectfully submits that this information should be redacted, accordingly.  *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. Mar. 7, 2011) (finding that "material concerning the defendants' marketing strategies" contained "highly proprietary material" and therefore could remain under seal).

With respect to Exhibit F, the deposition transcript of Ezra Esses: former CEO of STIP's predecessor-in-interest, STIP's proposed redactions are comprised solely of sensitive financial and business information, including acquisition strategy, past, present, and future acquisitions of businesses unrelated to the present action, the specific financial terms of the operative trademark license agreement, branding, marketing and licensing strategy, the identities of individual business contacts, and the terms of sale between Galaxy Brands LLC and Sequential Brands. For the same reasons above, STIP respectfully submits that this document should remain redacted.  *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308, 2016 WL 1276450, at \*11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing").

## III.   Conclusion

Because STIP does not seek to seal or redact any information on which Olivet relies in its briefing, granting its request would fully preserve public access to the relevant information at issue. Because STIP's request is narrowly tailored to protect commercially sensitive business information, disclosure of which would harm STIP's commercial interests, STIP respectfully requests that its Letter Motion be granted in full.

Hon. Arun Subramanian
October 27, 2023
Page 4

Respectfully submitted,

By: /s/Anna Kurian Shaw
Anna Kurian Shaw (*pro hac vice*)
HOGAN LOVELLS US, LLP

*Counsel for Former Defendant SwissTech IP Co., LLC*

cc: counsel of record via ECF