

405 Lexington Avenue
New York NY 10174

Main   212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

May 1, 2024

*<u>via ECF</u>*

Anthony F. LoCicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:   *Wenger S.A. v. Olivet International, Inc.*, Case No. 20-cv-01107
            Letter Motion to Compel Plaintiff to Produce Wenger-Swisstech Agreement

Dear Honorable Judge Subramanian:

      Defendant ("Olivet") submits this letter motion seeking the Court's assistance in compelling Plaintiff ("Wenger") to produce a complete copy of the agreement between Wenger and former Defendant Swisstech IP Co., LLC ("Swisstech"), which agreement (the "Agreement") resulted in dismissal with prejudice of this action between those parties. Although Swisstech has agreed to the production by Wenger of a complete copy of the Agreement (*see* Ex. A hereto), Wenger opposes its production.[1] Thus, pursuant to Your Honor's Individual Practices 5(B), the parties met and conferred on this issue by videoconference on April 22, 2024, from about 2 - 2:15 pm. I participated as Olivet's lead trial counsel and was joined by Matthew Trokenheim and Olivia Harris. Mark Lee participated as Wenger's lead trial counsel and was joined by Michael Lazaroff, David Greenbaum, and William Bergesch. I explained that the Agreement should have been produced by Wenger and is relevant to at least: (1) the reasonable royalty that Wenger is seeking from Olivet for the accused products and whether that royalty amount should be offset by any payment made by Swisstech to Wenger for the exact same products; and (2) whether Olivet can be liable for infringement of Wenger's trademarks in view of any potential releases of Swisstech and (presumably) Walmart, who provided the designs for the accused products and directed Olivet to manufacture them. Wenger contends that the Agreement is not relevant and refuses to produce same. As such, I advised Wenger's counsel that the parties are at an impasse and that Olivet would file this letter motion with the Court.

      **1.    Broad Right of Discovery Under FRCP 26**

      Under FRCP 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

---

[1] It appears that the Agreement includes a confidentiality clause that precludes disclosure without consent from all signatories thereto.

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This "broad right of discovery" includes the discovery of settlement agreements, as discussed below. Settlement agreements are routinely found to be relevant. *See ABF Capital Mgmt. v. Askin Capital Mgmt.*, 2000 U.S. Dist. LEXIS 3633, at *7 (S.D.N.Y. Feb. 8, 2000) (collecting cases); *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461, 464 (S.D.N.Y. 2019) (citing a "slew of cases" applying the ordinary discovery standards to privately negotiated agreements).

## 2. The Agreement is Relevant and Should Already Have Been Produced

By way of background, the Agreement is between Wenger (the Plaintiff) and Swisstech (Olivet's former co-defendant). Swisstech granted Walmart (not a party) a license to use its registered SWISSTECH and cross design trademarks, and Walmart hired Olivet to manufacture backpacks and luggage bearing Swisstech's licensed marks. ECF 247, ¶¶13-14, Ex. I. Walmart and Swisstech designed the backpacks and luggage to be manufactured by Olivet and provided Olivet with design specifications for these products. Olivet manufactured the products according to Swisstech and Walmart's design specifications, and Walmart sold those products in its stores and on its website. ECF 247, ¶15. Walmart then paid Swisstech a royalty for its sales of such products, and compensated Olivet for its manufacture of the products.

In this action, Wenger accused both Olivet and Swisstech of, *inter alia*, trademark infringement based on Walmart's sales of the aforementioned backpacks and luggage. For reasons known only to Wenger, it chose not to sue Walmart. Wenger and Swisstech resolved their dispute, which resulted in a written agreement and dismissal with prejudice of Wenger's claims against Swisstech. As a result, Olivet remains as the sole defendant.

Based on discussions with Wenger's counsel, Olivet's counsel has reason to believe that the Agreement (1) required monetary payment by Swisstech to Wenger for accused products sold by Walmart and (2) a release from all claims against Swisstech relating to such products. Olivet suspects that Walmart was covered by the release. Because Olivet manufactured the Swisstech products that are the subject of the Agreement, the Agreement is directly relevant to the issues to be tried. Indeed, Wenger's resolution of its claims against Swisstech is likely to affect its claims against Olivet, as well as Olivet's defenses and counterclaims. If Wenger believes the Agreement is inadmissible, it can seek to exclude it via a motion *in limine*. *Barclay v. Gressit*, No. 2:12-cv-156-JHR, 2013 U.S. Dist. LEXIS 103518, at *9 (D. Me. July 24, 2013) (the Rules of Evidence "may limit the admissibility of the settlement agreement at trial, [but] this does not determine its discoverability"); FRCP 26(b)(1)("Information . . . need not be admissible in evidence to be discoverable.").

### A. The Agreement Should Have Been Produced Under FRCP 26(e)

Under FRCP 26(e), a party who has responded to a request for production "must supplement" its response "in a timely manner" if additional information has not otherwise been made known to the other parties during the discovery process. Olivet served requests for

2

production that required production of the Agreement.  *See* Ex. B, RFP 15 ("All documents relating to Wenger's enforcement of its rights in the Wenger Emblem Marks . . ."), RFP 34 ("All documents and things that mention or refer to Galaxy, Olivet, and/or the Galaxy Marks.").  The Agreement was executed after the close of discovery, and Wenger had a duty under Rule 26(e) to promptly produce same.  Wenger's lead counsel at the time, Maxim Waldbaum, initially indicated that if Swisstech agrees, Wenger would produce a version of the Agreement with the amount paid by Swisstech redacted.  *See* Ex. C.  Swisstech has since agreed to the production of the complete (unredacted) Agreement, so Wenger changed its mind.  Wenger, through its new lead counsel Mr. Lee, has advised that it now refuses to produce the Agreement altogether.  Of course, there is no basis for redacting the Agreement since it is not privileged and there is a protective order in place.  *See Rocky Aspen Mgmt*., 394 F. Supp. 3d at 464 ("[C]onfidentiality provisions inserted by parties into private settlement agreements do not immunize those agreements from discovery."); *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 27339, at *14 (S.D.N.Y. Apr. 3, 2007) (same).  There is no burden to Wenger in producing the Agreement. as Olivet is not seeking to reopen discovery; Olivet simply needs the Agreement for trial.

### B.     The Agreement is Relevant to Wenger's Claims and Olivet's Defenses

The Agreement is relevant to whether Olivet can be liable for trademark infringement.  Wenger asserted ***identical*** infringement claims against both Olivet and Swisstech (the owner of the accused Swisstech marks, licensed to Walmart) concerning the very ***same*** products, the scope of any release granted to Swisstech (and presumably) Walmart in the Agreement is relevant to Olivet's potential liability.  ECF 117, ¶¶22-28, 40-62, 69-85, 95-98.  Indeed, Swisstech and Walmart engaged and directed Olivet to manufacture the accused products according to predetermined designs. A jury must be able to decide whether the release granted to Swisstech (and Walmart) extends to Olivet.

### C.     The Agreement is Relevant to Wenger's Reasonable Royalty Theory

As one of its damages theories, Wenger sought to recover from ***both*** Olivet and Swisstech a reasonable royalty for sales (by Walmart) of the ***same*** accused products. ECF 213, p. 3.  The payment amount in the Agreement is relevant to the reasonable royalty potentially recoverable from Olivet.  For example, Wenger will need to explain why the amount paid by Swisstech should not be deducted from the royalty amount sought from Olivet for sales of the ***very same*** products.  The payment made under the Agreement is also relevant to determining the value of Wenger's infringement claim.  *See Lifeguard Licensing Corp. v. Ann Arbor T-shirt Company, L.L.C.*, 15 Civ. 8459 (LGS), 2016 U.S. Dist. LEXIS 141006 (S.D.N.Y. Oct. 11, 2016) ("[S]ettlement agreements can be relevant to the determination of how much an individual claim — such as Plaintiffs' trademark infringement claim — is worth."); Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:85 (courts have used prior negotiations to indicate a reasonable royalty).  Plaintiff has taken the position that trademark law allows for joint and several liability and thus the Agreement is not relevant.  While that may be true for Plaintiff's disgorgement of profits claim, the Agreement is relevant to its reasonable royalty claim.

In view of the foregoing, Olivet respectfully requests a conference with the Court and an order compelling Wenger to produce the Agreement.

>Respectfully submitted,
>
>AMSTER, ROTHSTEIN & EBENSTEIN LLP
>/s *Anthony F. Lo Cicero*
>Anthony F. Lo Cicero

The request is GRANTED. Under Rule 26(b)(1), the settlement agreement (including the amount) is "nonprivileged matter that is relevant to any party's claim." Under the same provision, it is "proportional" because there is no burden to produce it. And the material "need not be admissible in evidence to be discoverable." On that point, the Court is **not** deciding whether the settlement amount would be admissible on the reasonable-royalty issue. If Olivet seeks to admit the settlement amount to "prove ... the validity or amount of a disputed claim," it should be prepared to show that the settlement is not "consideration in compromising ... the claim." Fed. R. Evid. 408(a)(1). That is, the parties should consider whether Wenger's claims against all defendants are the same "claim" under Rule 408. *See* Clifford S. Fishman & Anne Toomey McKenna, *Jones on Evidence* § 22:19 (7th ed. 2023).
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 6, 2024