VIA ECF
Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

   Re: *Wenger S.A., v. Olivet International, Inc.*, Case No. 1:20-cv-01107-AS,
    Letter Motion to Seal or Redact

Dear Judge Subramanian:

We write on behalf of former defendant Swisstech IP Co., LLC ("**STIP**") in the above-referenced case. Further to the Court's Order on Olivet International Inc.'s ("**Olivet**") Letter Motion to Seal (ECF No. 320), STIP submits this Letter Motion to redact certain limited portions of the license agreement and associated amendment between Galaxy Brands LLC (STIP's predecessor-in-interest), STIP and third party Walmart identified at Exhibit A.

While a presumption of public access applies to documents submitted in support of a motion for summary judgment, *Lugosch v. Pyramid Co. of Ondonaga*, 435 F.3d 110, 126 (2d Cir. 2006), the Second Circuit has held that the interests of third parties "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (noting that such interests "should weigh heavily in a court's balancing equation."). Additionally, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021).

Here, STIP requests redactions to a third party trademark license agreement and associated amendment which contain both sensitive financial and business information as well as confidentiality obligations. For these reasons and as further detailed below, STIP respectfully submits that countervailing considerations support the requested redactions.[1]

  **I.**  **License Agreement and Associated Amendment between Galaxy Brands LLC, STIP and Walmart**

STIP requests that the license agreement and associated amendment which consist of sensitive and proprietary business information including pricing information, be redacted in part to preserve that sensitive and proprietary business information.

The documents subject to this request are a trademark license agreement and associated amendment between Galaxy Brands LLC (STIP's predecessor-in-interest), STIP and Walmart. The highly confidential terms of this agreement govern the licensing of STIP's trademarks and include competitively sensitive and non-public information including royalty structures,

---

[1] The Court has previously granted the sealing in its entirety of this Trademark License Agreement for the reasons identified herein. ECF No. 274.

Hon. Arun Subramanian
May 16, 2024
Page 2

valuations, indemnification terms, audit provisions, approval processes, and confidentiality requirements. Disclosure of this competitively sensitive information to the public, including the contracting parties' competitors, would risk significant competitive and financial harm, including with respect to the entities' future contracting positions.

Because disclosure of those contents would work significant hardship on at least third party STIP, STIP respectfully requests that those provisions, as well as any other provisions identified by its co-party to that agreement Walmart Inc.,[2] be redacted and remain under seal. *Amodeo*, 71 F.3d at 1050 ("documents including proprietary business practices of several non-party investment advisory firms" and which "generally discuss fees of the third parties, pricing and customer information, or other information related to their perceived competitive advantages" should remain under seal); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (noting "it is true that courts will seal "business information that might harm a litigant's competitive standing in the market.""); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022) ("courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage") (internal quotations omitted).

## II. Conclusion

Because STIP's request is narrowly tailored to protect commercially sensitive business information disclosure of which would result in harm to STIP's commercial interests, STIP respectfully requests that its Letter Motion be granted in full.

Respectfully submitted,

By: /s/Anna Kurian Shaw
Anna Kurian Shaw (*pro hac vice*)
HOGAN LOVELLS US, LLP

*Counsel for Former Defendant SwissTech IP Co., LLC*

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 17, 2024

---

[2] SwissTech files its proposed redactions under seal pending any further redactions requested by Walmart.