

405 Lexington Avenue
New York NY 10174

Main   212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

May 21, 2024

Anthony F. LoCicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

*via ECF*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:   *Wenger S.A. v. Olivet International, Inc.*, Case No. 20-cv-01107
            Letter Motion to File Under Seal or Redact

Dear Honorable Judge Subramanian:

    We represent Defendant Olivet International Inc. ("Olivet") in the above-referenced action by plaintiff Wenger S.A. ("Wenger").  Pursuant to Your Honor's Individual Practices in Civil Cases Rule 11, the Court's Standing Order 19-mc-00583, and Section 6 of the S.D.N.Y. ECF Rules & Instructions, Olivet files this Letter Motion to Seal or Redact regarding several of the documents submitted in support of Olivet's motion for summary judgment dismissing all of Wenger's claims against Olivet and seeking leave to amend Olivet's Answer.  The documents that are subject to the redaction or sealing request are:

    Redactions:

1) Olivet's Memorandum of Law;
2) Olivet's Rule 56-1 Statement of Material Facts;
3) Declaration of Megan Overbey (and Exhibits);
4) Exhibit B: Trademark License Agreement between Walmart and Galaxy Brands LLC dated September 26, 2018;
5) Exhibit D: Transcript of Deposition of Peter Lin conducted on September 23, 2022 ("P. Lin Dep.");
6) Exhibit E: Transcript of Deposition of Kristina Owen conducted August 26, 2022 ("Owen Dep.");
7) Exhibit F: Transcript of Deposition of Toia Vandiver conducted August 30, 2022 ("Vandiver Dep."); and
8) Exhibit G: Document marked as Exhibit 88 at Vandiver Dep., Bates numbered Olivet_044825.

    Your Honor has previously granted motions to redact with respect to documents 4-8 referenced above.  (*See* Dkt. 274; 318.)  Indeed, documents 1-3 referenced above include confidential business information and references to documents previously filed in redacted or filed under seal in this case.  Accordingly, Olivet requests that documents 4-8 be redacted again

4894-4846-2784v.1

for this filing, and that documents 1-3 be redacted to the extent that they contain any confidential business information or any previously sealed and/or redacted confidential information.

Sealed:

9) Exhibit J: Confidential Settlement Agreement and Mutual Release between SwissTech and Wenger effective September 22, 2023;
10) Exhibit K: Expert Report and Disclosure of Basil Imburgia Senior Managing Director FTI Consulting, Inc. dated October 6, 2022 ("Imburgia Rep.");
11) Exhibit L: Supplemental Expert Report and Disclosure of Basil Imburgia Senior Managing Director, dated February 10, 2023 ("Imburgia Supp. Rep."); and
12) Exhibit S: Updated Supplemental Expert Report and Disclosure of Basil Imburgia Senior Managing Director, dated May 17, 2024 ("Imburgia Updated Supp. Rep.").

Your Honor has previously granted that document 9 referenced above be filed under seal. (*See* Dkt. 274; 318.)  Documents 10-12 referenced above similarly include Olivet's highly sensitive financial information (e.g., customer information, sales information, and revenue information) and should also be sealed.

Although there is a presumption in favor of public access to judicial documents, a court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Such "higher values" include the "interest in protecting confidential business information."  *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"); *cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d. Cir. 1995) (finding that "[f]inancial records of a wholly owned business" are "traditionally considered private rather than public," which "weigh[s] more heavily against access").

This Court regularly seals judicial documents where such confidential business information would be disclosed.  *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (finding "the privacy interests of the defendants outweigh the presumption of public access" for documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction"); *Avocent Redmond Corp. v. Raritan Am., Inc.*, No. 10-CV-6100 (PKC), 2012 U.S. Dist. LEXIS 107801 at *45 (S.D.N.Y. July 31, 2012) (approving sealing of documents "because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

   Olivet would suffer harm if the information contained in the documents listed above were publicly disclosed because they contain sensitive commercial information of Olivet.  This information would not otherwise be publicly available, and it would be prejudicial to the Olivet if their competitors were made privy to this type of confidential information.  Courts routinely find that confidential business information is the type of sensitive information that may warrant sealing.  *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would provide valuable insights into a company's current business practices that a competitor would seek to exploit, including their volume of business.)

   For the above reasons, Olivet respectfully request that the Court approve that documents 1-8 referenced above be filed with redactions, and that documents 9-12 referenced above be filed under seal as they contain highly sensitive confidential information including, *inter alia*, sales information, revenue information, and customer information.

   Thank you in advance for your consideration.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: May 22, 2024

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

/s *Anthony F. Lo Cicero*

Anthony F. Lo Cicero

3