

405 Lexington Avenue
New York NY 10174

Main    212 336 8000
Fax     212 336 8001
Web     www.arelaw.com

May 28, 2024

Anthony F. LoCicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

***via ECF***
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:    *Wenger S.A. v. Olivet International, Inc.*, Case No. 20-cv-01107
           Letter Motion to Redact Memorandum of Law in Support of Defendant's
           Motions I*n Limine*

Dear Honorable Judge Subramanian:

      We represent Defendant Olivet International, Inc. ("Olivet") in the above-referenced
action by plaintiff Wenger S.A. ("Wenger").  Pursuant to Your Honor's Individual Practices in
Civil Cases Rule 11, the Court's Standing Order 19-mc-00583, and Section 6 of the S.D.N.Y.
ECF Rules & Instructions, Olivet files this Letter Motion to Redact Olivet's Memorandum of
Law in Support of its Motions *in Limine* ("MOL") and Appendix A to the MOL.

      Olivet's MOL includes confidential business information and references to documents for
which Your Honor has previously granted motions to file in redacted form or under seal in this
case.  (*See* Dkt. 274; 318.)  Moreover, Appendix A to the MOL includes Wenger's confidential
customer information (e.g., customer names) and should also be redacted.  Accordingly, Olivet
requests that: (1) the MOL be redacted to the extent that it contains any confidential business
information or any previously sealed and/or redacted confidential information; and (2) Appendix
A to the MOL be redacted to the extent that it contains confidential customer information.

      Although there is a presumption in favor of public access to judicial documents, a court
may seal judicial documents if "closure is essential to preserve higher values and closure is
narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co, of Onondaga*, 435 F.3d 110,
119 (2d Cir. 2006).  Such "higher values" include the "interest in protecting confidential business
information."  *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x
615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information
where disclosure would result in "financial harm); *cf. United States v. Amodeo*, 71 F.3d 1044,
1051 (2d. Cir. 1995) (finding that "[f]inancial records of a wholly owned business" are
"traditionally considered private rather than public," which "weigh[s] more heavily against
access").

4854-8419-8338v.1

The MOL and Appendix A to the MOL contain sensitive commercial information.  This information would not otherwise be publicly available, and it would be prejudicial to the parties if competitors were made privy to this type of confidential information.  Courts routinely find that confidential business information is the type of sensitive information that may warrant sealing.  *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would provide valuable insights into a company's current business practices that a competitor would seek to exploit, including their volume of business.)

For the above reasons, Olivet respectfully requests that the Court approve that the MOL and Appendix A to the MOL be filed with redactions.

Thank you in advance for your consideration.

SO ORDERED.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

/s/ *Anthony F. Lo Cicero*

Anthony F. Lo Cicero

Arun Subramanian, U.S.D.J.
Date: May 29, 2024

2

4854-8419-8338v.1