

May 28, 2024

<u>Via PACER</u>
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   *Wenger S.A. v. Olivet International, Inc. et al.*, Case No. 20-cv-01107 (AS)
      **Letter Motion to File Under Seal And Redact  (SJ Opposition)**

Dear Judge Subramanian:

We represent plaintiff Wenger, S.A. ("Wenger") in the above-referenced action.  Pursuant to Your Honor's Individual Rules and Procedures For Civil Cases, Rule 11B and 11C, Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. ECF Rules & Instructions, Wenger respectfully seeks leave to file certain sealed and redacted documents submitted in opposition to defendant Olivet International Inc.'s ("Olivet") Motion for Summary Judgment And Motion For Leave to Amend Answer.

The proposed sealed documents are Exhibits B and C to the Declaration of Mark S. Lee:

Exhibit B: Confidential Settlement Agreement and Mutual Release between SwissTech and Wenger, effective September 22, 2023; and

Exhibit C: Updated Supplemental Expert Report and Disclosure of Basil Imburgia Senior Managing Director, dated May 17, 2024

Your Honor has previously granted Olivet's motion to seal Exhibit B, which contains Wenger's and former defendant SwissTech's IP Co., LLC's highly confidential and sensitive business information (Dkt. 334.)  And Your Honor has similarly granted Olivet's motion to seal Exhibit C, which contains Olivet's highly confidential and sensitive financial data, including revenues and profits, which may harm Olivet, if disclosed. (Dkt. 334.); *see also  Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *Avocent Redmond Corp. v. Raritan Am., Inc*., No. 10-CV-6100 (PKC), 2012 U.S. Dist. LEXIS 107801 at *45 (S.D.N.Y. July 31, 2012) (approving sealing of documents, containing "market forecasts, sales, inventory management, profit margins" because their disclosure "would cause competitive harm"). Accordingly, Wenger should be allowed to seal Exhibits B-C.



The proposed redacted documents are:

(1) Wenger's Memorandum of Law;

(2) Wenger's Opposition To Olivet's Rule 56.1 Statement and Additional Material Facts; and

(3) Declaration of David I. Greenbaum

These documents contain references to the same highly confidential and sensitive business information from the aforementioned Exhibits B-C and should be redacted accordingly. *See In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("competitive pricing data is sufficiently sensitive to warrant redaction"). Further, because Wenger's request is narrowly tailored to protect commercially sensitive business information, Wenger should be allowed to redact documents (1)-(3) in accordance with the proposed redactions filed concurrently with this Letter Motion.

For the foregoing reasons, Wenger respectfully requests that the Court allow Wenger to file Exhibits B and C under seal and redact documents (1), (2) and (3).

Respectfully submitted,

SO ORDERED.

*/s/ Michael Lazaroff*
Michael S. Lazaroff

Arun Subramanian, U.S.D.J.
Date: May 29, 2024