
www.rimonlaw.com

May 28, 2024

<u>Via PACER</u>
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:    *Wenger S.A. v. Olivet International, Inc. et al.*, Case No. 20-cv-01107 (AS)
             **Letter Motion to File Redacted Joint Pretrial Order**

Dear Judge Subramanian:

    We represent plaintiff Wenger, S.A. ("Wenger") in the above-referenced action. Pursuant to Your Honor's Individual Rules and Procedures For Civil Cases, Rule 11B and 11C, Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. ECF Rules & Instructions, Wenger respectfully seeks leave to redact certain stipulations within Part IX of the Joint Pretrial Order, and its Statement of Damages in Part XIII of the Joint Pretrial Order.

    Your Honor's Individual Rules provide that the Joint Pretrial Order must include "a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages[.]" (Subramanian Individual Rules 10(A)(xiii)). Counsel for Wenger and Olivet conferred this morning in connection with finalizing the Joint Pretrial Order for filing today, and Olivet's counsel asked Wenger's counsel to redact certain portions of Wenger's proposed submission, containing highly confidential and sensitive business information regarding Olivet's financial data such as revenues and profits, which may harm Olivet if disclosed. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"); *Avocent Redmond Corp. v. Raritan Am., Inc.*, No. 10-CV-6100 (PKC), 2012 U.S. Dist. LEXIS 107801 at *45 (S.D.N.Y. July 31, 2012) (sealing

closure "would cause competitive harm"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("competitive pricing data is sufficiently sensitive to warrant redaction").

    The referenced sensitive business information is also contained in the updated supplemental report of Wenger's damages expert, Basil Imburgia, which Your Honor already sealed. (Dkt. 334.) Because Wenger's request is narrowly tailored to protect commercially sensitive business information, Wenger request that the Court allow Wenger to redact its Statement of Damages in accordance with the proposed redactions filed concurrently with this Letter Motion.



Furthermore, Stipulations 9, 11, and 14, at the request of Defendant, contain discussion of confidential materials, to wit, a certain licensing agreement, and the discontinuance of claims against a former co-defendant. Therefore, based upon similar reasons to the foregoing, it is requested that the Court allow Wenger to redact these stipulations in accordance with the proposed redactions filed concurrently with this Letter Motion.

For the foregoing reasons, Wenger respectfully requests that the Court grant this Letter Motion.

Respectfully submitted,

*/s/ Michael Lazaroff*
Michael Lazaroff

Cc: All counsel of record (via ECF)

SO ORDERED. The Clerk of Court is directed to close Dkt. 346.

Arun Subramanian, U.S.D.J.
Date: May 29, 2024