

405 Lexington Avenue
New York NY 10174

Main    212 336 8000
Fax      212 336 8001
Web     www.arelaw.com

May 31, 2024

Anthony F. LoCicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

**_via ECF_**
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

   Re: _Wenger S.A. v. Olivet International, Inc._, Case No. 20-cv-01107
     Letter Motion to Redact Olivet's Reply Memorandum of Law in Support of
     its Motion for Summary Judgment

Dear Honorable Judge Subramanian:

   We represent Defendant Olivet International, Inc. ("Olivet") in the above-referenced action by Plaintiff Wenger S.A. ("Wenger").  Pursuant to Your Honor's Individual Practices in Civil Cases Rule 11, the Court's Standing Order 19-mc-00583, and Section 6 of the S.D.N.Y. ECF Rules & Instructions, Olivet files this Letter Motion to Redact Olivet's Reply Memorandum of Law in Support of its Motion for Summary Judgment and Motion for Leave to Amend Answer and Olivet's Reply in Further Support of Rule 56.1 Statement and Response To Plaintiff's Statement of Additional Material Facts (collectively, "Olivet's Reply").

   Olivet's Reply includes confidential business information and references to documents for which Your Honor has previously granted motions to file in redacted form or under seal in this case.  (_See_ Dkt. 274; 318.)  Accordingly, Olivet requests that Olivet's Reply be redacted to the extent that it contains any confidential business information or any previously sealed and/or redacted confidential information.

   Although there is a presumption in favor of public access to judicial documents, a court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest."  _Lugosch v. Pyramid Co, of Onondaga_, 435 F.3d 110, 119 (2d Cir. 2006).  Such "higher values" include the "interest in protecting confidential business information."  _Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind._, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"); _cf. United States v. Amodeo_, 71 F.3d 1044, 1051 (2d. Cir. 1995) (finding that "[f]inancial records of a wholly owned business" are "traditionally considered private rather than public," which "weigh[s] more heavily against access").

1

Olivet's Reply contains sensitive business information.  This information would not otherwise be publicly available, and it would be prejudicial to the parties if competitors were made privy to this type of confidential information.  Courts routinely find that confidential business information is the type of sensitive information that may warrant sealing.  *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information that would provide valuable insights into a company's current business practices that a competitor would seek to exploit, including their volume of business.)

For the above reasons, Olivet respectfully requests that the **Court approve that Olivet's Reply be filed with redactions**.

Thank you in advance for your consideration.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

/s/ *Anthony F. Lo Cicero*

Anthony F. Lo Cicero

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 31, 2024