UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENGER S.A., <br><br> Plaintiff, <br><br> -against- <br><br> OLIVET INTERNATIONAL INC. et al., <br><br> Defendants. | 20-cv-1107 (AS) <br><br> <u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

1. For the reasons stated on the record at the conference on June 10, 2024, the Court rules on the parties' motions in limine as follows:

   a. Plaintiff's motions in limine 1 (registrations, and Swiss Brand pleadings and settlement agreement), 3 (canceled registrations), and 4–5 (settlement) are GRANTED. Plaintiff's motion in limine 2 (Swiss flag) is DENIED.

   b. Defendant's motions in limine 1 (word-mark settlement), 2 (Klein's expert testimony), and 3 (confusion logs), are DENIED. Defendant's motion in limine 5 (Walmart and Galaxy evidence) is GRANTED IN PART. Defendant's motions in limine 6 (size and financial condition of Walmart) and 7 (preliminary-injunction proceedings) are GRANTED. The Court reserves decision on Defendant's motion in limine 4 (FTI), although the foreign status of the parent company is excluded.

   c. These rulings are subject to any specific qualifications or exceptions noted on the record at the hearing held on June 10, 2024.

   d. The Clerk of Court is directed to close Dkts. 341, 344, and 352.

2. By June 12, 2024, at 7:00 p.m., the parties shall submit letters, not to exceed three pages each, addressing outstanding issues from the conference. In particular, the letters should address whether Wenger's expert's opinion as to Olivet's profit-sharing is relevant to damages and bad faith.

3. The Court will hold a follow-up conference on June 14, 2024, at 9:00 a.m. To facilitate resolution of the exhibit objections, the conference will be held by Microsoft Teams, and the parties should be prepared to use the "share screen" function to display exhibits in issue. The parties should enter meeting ID 228 740 441 626 and passcode RUXjCU. The parties

    should also be prepared to update the Court on the progress made on other issues discussed at the conference, such as updating the parties' joint stipulations.

4. Prior to the June 14 conference, if they have not done so, each side should endeavor to make a good faith "last and final" settlement demand or offer to the other side, taking into account the parties' discussions at the June 10 conference. The parties are reminded that, as noted in the Court's individual practices, the Court **will not** adjourn trial for a settlement that is only "in principle" at this stage. So if there is a deal to be had, the parties will need to work swiftly to make the deal and get either to an enforceable agreement or term sheet, or a stipulation of dismissal with prejudice, before the commencement of trial.

5. On or before Monday, June 17, 2024, the parties should submit two Word documents—one for the verdict sheet and one for the jury instructions—with the parties' disagreements and supporting authorities noted in redlines or using the comment feature. In advance, the parties should meet and confer to reduce the number of disagreements and differences that are stylistic and not substantive.

SO ORDERED.

Dated: June 11, 2024
       New York, New York

                                          ARUN SUBRAMANIAN
                                          United States District Judge