UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENGER S.A., <br><br>          Plaintiff, <br><br>  -against- <br><br> OLIVET INTERNATIONAL INC. et al., <br><br>          Defendants. | 20-cv-1107 (AS) <br><br> OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 Shortly before this case was settled, the Court decided a last-minute summary-judgment motion. Dkt. 391. Because the Court's opinion quoted supposedly confidential and highly sensitive business information, the Court gave the parties an opportunity to submit proposed redactions. *Id.* The Court now rejects those proposed redactions and orders the opinion unsealed.

 "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To evaluate a sealing request, the Court looks both to the "common law right of public access to judicial documents" and to the public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). The common-law test is less stringent. *Id.* at 124. So if a sealing request can't pass the common-law test, it can't pass the First Amendment test either. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

 The common-law test has three steps. First, the document must be a "judicial document." *Lugosch*, 435 F.3d at 119. "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks omitted). The Court's opinion plainly fits, so the presumption of public access attaches. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017).

 Second, because the presumption attaches, the Court "must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The Court's opinion falls at the weightiest end of the spectrum—it is the very adjudication that the public must be able to scrutinize.

Third, "the court must balance competing considerations against [the presumption]." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). Here, the parties say the opinion discloses "highly confidential and sensitive business information." Dkt. 401. This interest can sometimes justify sealing. *See In re Keurig*, 2023 WL 196134, at *3 (collecting cases). But courts also routinely reject these arguments, "particularly where [the information] is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." *Id.* at *4. The parties' interests are also given less weight when the harms are not "concretely and specifically described." *Id.* (collecting cases). The passage of time can also diminish the parties' interests. *Id.* (collecting cases).

Here, the supposedly sensitive information is relevant—indeed, integral—to the Court's decision. For this reason, redactions are unworkable here. And the parties have not concretely described their confidentiality interests or what harm they might face from disclosure. The opinion dealt with a run-of-the-mill settlement agreement. Although Wenger has one more related case outstanding, the Court has already ordered the production of the agreement to a defendant once. The Court struggles to see how its disclosure to the general public would harm either party. What's more, this case has settled, and the key clause of the settlement agreement has already expired. So the risk of competitive disadvantage is minimal. Whatever minuscule risk to the parties remains is far outweighed by the public's right to know.

For these reasons, the letter motion to seal is DENIED. The Clerk of Court is directed to close Dkt. 401 and unseal Dkt. 391.

SO ORDERED.

Dated: June 25, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge